ONE 1977 VOLVO 242 DL,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 80–5944
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

July 13, 1981.

---

Floyd, Pearson, Stewart, Richman, Greer & Weil, Herman J. Russomanno, William

Bruce Harper, Jr., Miami, Fla., for plaintiff-appellant.

Robert I. Targ, Asst. U. S. Atty., Miami, Fla., for defendant-appellee.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

Janet Rae Roseman appeals the district court's dismissal, for lack of jurisdiction, of her suit to recover her automobile, One 1977 Volvo 242 DL (Volvo), which had been administratively forfeited to the United States of America by the Drug Enforcement Administration (DEA). We affirm.

On November 15, 1979, the Volvo was used by Angel Minogorri illegally to transport and deliver cocaine. Special agents of the DEA seized the Volvo pursuant to 21 U.S.C. § 881(a)(4).[1] Roseman, the Volvo's owner, was advised of the seizure. On January 28, 1980, Roseman petitioned the DEA for Remission of Forfeiture pursuant to 21 C.F.R. 1316.79. On March 3, the Chief Counsel of the DEA denied Roseman's petition based on reasons provided her in the denial. The Volvo was then summarily forfeited to the United States.[2] The date of the forfeiture is disputed by the parties: Roseman claims it occurred March 7; the United States contends that forfeiture proceedings commenced March 10.[3] The DEA claims that it received no request for reconsideration of the denial of the petition for remis-

---

1. Section 881(a)(4) reads in relevant part:

   (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

   . . . . .

   (4) All conveyances, including aircraft, vehicles, or vessels which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) or (2), . . . .—

2. Because the appraised value of the Volvo was less than $10,000 and Roseman had failed to file a claim and bond pursuant to 21 C.F.R. § 1316.76, the Volvo was subject to summary forfeiture. 21 C.F.R. § 1316.77.

3. In light of Roseman's argument *infra* that the DEA did not wait ten days after the denial of the petition, whether the forfeiture proceedings occurred March 7 or March 10 is immaterial. In either case, the proceedings occurred before March 13.

sion; Roseman maintains she sent a request March 28 to which she received no answer.[4]

Roseman then sued in district court seeking the return of the Volvo. The district court dismissed the suit, citing *United States v. One 1970 Buick Riviera Bearing Serial No. 494870H910774*, 463 F.2d 1168 (5th Cir.), *cert. denied*, 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972), which held the district court to be generally without jurisdiction to review such administrative forfeitures, and *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) (the Administrative Procedure Act, 5 U.S.C. §§ 701–704, is not a grant of jurisdiction).

On appeal Roseman primarily[5] argues that she falls within one of *Buick's* exceptions. *Buick* intimated that the court would have jurisdiction over an agency forfeiture if the agency refused to exercise the discretion it had to grant the petition for remission. *Buick* at 1170 n.3, *citing United States v. Edwards*, 368 F.2d 722 (4th Cir. 1966). Roseman claims that the fact the DEA began summary forfeiture proceedings on March 7, before the ten days for filing for reconsideration had expired, was indirect evidence that DEA arbitrarily refused to consider properly her original petition for remission which was denied March 3.

■■■ We hold that the *Edwards* exception is a very limited one and that Roseman has not made a sufficient showing to fall within it. In *Edwards* (the district court had dismissed for lack of jurisdiction), the United States Attorney told the Fourth Circuit Court of Appeals that he assumed that the Secretary of the Treasury had a formalized, invariable policy to deny petitions for remission. Furthermore, no reasons were given for the denial of the petition. In light of these facts (and others not relevant here), the Fourth Circuit remanded the case to the district court to develop the record so that it could determine whether the Secretary considered the petition.

Here, the DEA provided Roseman with the reasons for the March 3 denial. Furthermore, Roseman cites no law that whatever steps were taken March 7 or 10 were not revocable in the event a request for reconsideration was received. Roseman also makes no specific allegations as to the inadequacy of DEA's investigation prior to its March 3 denial. Finally, even if she requested reconsideration March 28, that was more than ten days after the March 3 denial and thus not timely. *See* note 4 *supra*. If the *Edwards* exception could be invoked simply by the appellant alleging that the agency did not consider the petition for remission, the general rule prohibiting review would be swallowed by the exception, for the courts would have to determine whether the agency had reasons for its denial and then would have to decide whether the agency's reasons were post hoc or insubstantial rationalizations. Thus, we hold that to invoke the *Edwards* exception requires either very specific allegations showing a refusal to consider a petition or the type of concessions made by the United States in *Edwards*. Roseman satisfies neither requirement. Hence, we AFFIRM.

---

**4.** 28 C.F.R. § 94(e) allows only ten days after denial of the petition for a request for reconsideration to be filed.

**5.** In her reply brief, Roseman appears to concede that her alleged innocence is not relevant to forfeiture. Her arguments with respect to the APA have been rejected by *Sanders*.