Kenneth CLOW, Plaintiff,

v.

Alan C. NELSON, Commissioner of the Immigration and Naturalization Service (INS), Stanley E. McKinley, INS Regional Commissioner for the Eastern Region, and Benedict J. Ferro, INS District Director for the Western District of New York, Defendants.

No. CIV–83–239E.

United States District Court,
W.D. New York.

Feb. 13, 1984.

Serotte, Reich & Goldstein, Buffalo, N.Y., for plaintiff.

Cheryl Fisher, Asst. U.S. Atty., Buffalo, N.Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff, a citizen of Canada, brought this action seeking to recover his 1981 Pontiac automobile (or its monetary equivalent) which was seized by the Immigration and Naturalization Service ("the INS") on or about October 2, 1981 due to its use in an alleged violation of 8 U.S.C. § 1324. Defendants have moved pursuant to Fed.R. Civ.P. rule 12(b)(1) to dismiss the Complaint for lack of subject matter jurisdiction and alternatively for summary judgment under Fed.R.Civ.P. rule 56(b).

The material facts regarding this action are not disputed. On October 1, 1981 plaintiff, his wife and daughter and one Kantapershad Gopal (also referred to by plaintiff as "Mr. Gupta") departed from Toronto, Canada traveling to New York City. Upon reaching the United States border at the Rainbow Bridge, Niagara Falls, N.Y., the occupants of plaintiff's vehicle claimed to be Canadian citizens. A secondary inspection revealed that Gopal was using another's citizenship card and he subsequently admitted that he was a Guyanese citizen attempting to gain entry into this country by such means. Gopal, a distant relative of plaintiff's wife by way of a former marriage, had previously been denied a visitor's visa to the United States. He and plaintiff's wife had planned this unlawful entry in order to permit him to visit New York City. Plaintiff asserts that he had no knowledge that Gopal was not entitled to enter the United States lawfully or that improper identification was utilized. The INS seized plaintiff's automobile as a conveyance used in violation of 8 U.S.C. § 1324(b)(1).

On October 6, 1981 plaintiff was sent a letter notifying him of his right to request an interview with an officer of the INS in order to present any evidence or arguments challenging the propriety of the seizure. He was also sent notice that the appraised value of the automobile had been found to be $7,400 and that steps were being taken to forfeit the property. The letter further instructed plaintiff that any petition for the remission or mitigation of the property seized should be filed with the INS within thirty days. Enclosures were included setting forth the relevant regulations: 8 C.F.R. § 274.6 regarding appraisal; subsection 274.7 requiring notice to the owner and lienholders; subsection 274.8 concerning advertisement of the intention to forfeit the seized property; subsection 274.9 explaining the claim and bond requirements; subsection 274.10 explaining the summary forfeiture proceeding for property with an appraised value not exceeding $10,000; subsection 274.11 outlining judicial forfeiture in instances where the property's value exceeded $10,000 or where a claim and bond had been filed; subsection 274.12 explaining remission or mitigation petition procedures; and subsection 274.13 containing other applicable provisions.

Plaintiff retained Canadian counsel who filed a petition for remission or mitigation with the INS November 11, 1981 on behalf of Addison on the Bay, Ltd. ("Addison"), a Toronto car dealership. The attorney believed that the dealership was the legal owner of the seized vehicle inasmuch as plaintiff had signed a contract to buy a new car from Addison and was going to trade in the seized vehicle as part of the sales agreement. In addition, plaintiff had exe-

cuted and given Addison an "Application for Transfer" form to convey title to the vehicle. Counsel reasonably believed that plaintiff had possession of the vehicle merely as a bailee due to the custom of allowing a customer to use the trade-in vehicle until the new automobile is ready for delivery.

On February 2, 1982 the INS informed plaintiff's attorney that the petition had been denied for failure to establish legal title in Addison. The reason given by the INS was that the Application for Transfer had never been completed. An examination of the form reveals that Addison merely had to perform the ministerial act of inserting its name and address in order to establish its ownership; however the petition's denial was not appealed and the question whether title was truly in Addison under Canadian law is not presently before this Court. Plaintiff then retained counsel in the United States who personally met with the INS's Regional Counsel Dale Paige in Vermont in March of 1982. Paige told plaintiff's attorney that further administrative review might very well be barred by the statute of limitations (*Complaint*, ¶ 24). Plaintiff's attorney then prepared a request for information from the INS under the Freedom of Information Act. The INS informed counsel that, due to a backlog of other requests, attention to plaintiff's request would be delayed.

On or about June 8, 1982 plaintiff's counsel filed a notice of motion to "reopen and reconsider" the earlier petition, a petition, and supporting affidavits. By letter dated September 13, 1982 the INS informed counsel that the vehicle had been placed in official use May 5, 1982 and that the petition was untimely and would not be considered. Regulation 8 C.F.R. § 274.17(a) provides that, once a seized conveyance is in official use or has been sold, a petition for remission or mitigation can no longer be accepted. After further attempts to have the INS reconsider its position, this action was commenced March 3, 1983.

Plaintiff asserts that this Court has subject matter jurisdiction under 8 U.S.C. § 1329, 28 U.S.C. § 1331, 28 U.S.C. § 1355, 28 U.S.C. § 1361 and/or the Fifth Amendment to the Constitution. I need not address each of these bases of jurisdiction inasmuch as I find sufficient subject matter jurisdiction for this action exists pursuant to either 28 U.S.C. § 1361 or 28 U.S.C. § 1331.

■ Although there is a general rule barring judicial review of a denial of a petition for remission or mitigation—*see, e.g., United States v. One 1973 Buick Riviera Automobile*, 560 F.2d 897 (8th Cir. 1977); *United States v. One 1972 Mercedes-Benz 250*, 545 F.2d 1233 (9th Cir. 1976)—this judicially-developed doctrine is subject to a limited exception for cases, such as the instant one, wherein it is alleged that the agency refused to *exercise* its discretion, rather than *abused* its discretion. *See One 1977 Volvo 242 DL v. United States*, 650 F.2d 660 (5th Cir.1981) (recognizing the exception where discretion not exercised); *United States v. One 1970 Buick Riviera*, 463 F.2d 1168, 1170 (5th Cir.1971), *cert. denied*, 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972) (judiciary can require officials to exercise jurisdiction); *United States v. Edwards*, 368 F.2d 722, 724 (4th Cir.1966) (mandamus may issue in forfeiture proceeding to compel agency consideration of the merits); *Cotonificio Bustese, S.A. v. Morgenthau*, 121 F.2d 884 (D.C.Cir.1941) (mandamus available where agency official held himself without authority to consider petition for remission or mitigation). In the case at bar mandamus jurisdiction exists under 28 U.S.C. § 1361 due to the Complaint's allegations that the INS improperly found that it could not consider plaintiff's petition and its request for an order requiring the INS to exercise its authority and discretion. Additionally, I find that jurisdiction can be independently predicated on "general federal question" jurisdiction under 28 U.S.C. § 1331. *See Boston v. Stephens*, 395 F.Supp. 1000, 1002 (S.D.Ohio 1975) (complaint challenging seizure of vehicles without out due process).

Addressing defendant's motion for summary judgment, the standard to be employed is whether there exists no genuine issue of material fact and one party is entitled to judgment as a matter of law. *National Life Ins. Co. v. Solomon*, 529 F.2d 59, 61 (2d Cir.1975). Although a court must also view the evidence in a light most favorable to the non-moving party, *Empire Electronics Co. v. United States*, 311 F.2d 175, 180 (2d Cir.1962), the administrative record, pleadings and affidavits in this case clearly demonstrate that plaintiff's petition for remission or mitigation of the vehicle was in fact untimely and that the administrative decision to deny consideration of such petition was proper.

■ Plaintiff's first claim in the Complaint alleging a deprivation of his substantive due process rights due to the petition not being considered on its merits, cannot stand due to plaintiff's waiver of his rights to require a judicial forfeiture proceeding or timely to file a petition for remission or mitigation. Plaintiff does not challenge the validity of the initial seizure of the vehicle, nor deny that he was notified of his right to request an interview or file a claim and bond thereby requiring a judicial forfeiture proceeding. The undisputed evidence shows that plaintiff was notified by the INS's October 6, 1981 letter that any remission or mitigation petition had to be filed within thirty days of the receipt of such letter. Even if this Court were to consider the initial Addison petition to have been made on plaintiff's behalf, no appeal was taken from the INS's denial decision. In addition, viewing the evidence in a light most favorable to plaintiff and assuming arguendo that the thirty-day filing period was tolled until the first petition's denial February 2, 1982, the "motion to reopen and for reconsideration" was still not filed until four months later or June 8, 1982. Aside from the fact that the petition was improperly entitled "Motion to Reopen and Reconsider Remission or Mitigation of Forfeiture Proceedings Pursuant to 8 CFR § 242.22" (which regulation applies only to the reopening of deportation determinations), this petition was filed well beyond the thirty-day period from notification of seizure as required under 8 C.F.R. § 274.-14(a). In addition, the Complaint indicates that plaintiff's counsel was advised in March of 1982 of possible statute of limitations problems yet counsel pursued a Freedom of Information Act request rather than immediately filing a remission or mitigation petition. *See Complaint* ¶ 24.

■ The INS's decision to decline reconsideration of the untimely petition stated that the petition could not be reviewed inasmuch as the vehicle had been placed in official government use May 5, 1982. This was a correct statement of the applicable regulation, 8 C.F.R. § 274.14(a), which provides that a remission or mitigation petition cannot be accepted after the seized property has been placed in official use. The INS had the authority to sell or utilize the seized property without giving additional notice to plaintiff because the vehicle had been summarily forfeited due to plaintiff's failure to file a claim and bond under 8 C.F.R. §§ 274.9 & 274.10. Moreover, 8 C.F.R. § 274.14(a) authorized the sale or placing in official use of the vehicle where no remission or mitigation petition had been filed within thirty days of the notice of seizure. Therefore defendant is entitled to judgment as a matter of law on plaintiff's first claim.

■ Plaintiff's second claim raises all of the same issues as his first claim yet alleges procedural due process deprivations. However, as previously explained, plaintiff does not deny receipt of the letters notifying him of his various rights and the Complaint's contention that he was entitled to notice before the vehicle was placed into official use is meritless. The regulations clearly state that plaintiff could have prevented this utilization of the vehicle by either a timely submission of a claim and bond thereby preventing summary forfeiture, or by filing of a remission or mitigation petition within thirty days of the notice of seizure. *See* C.F.R. §§ 274.9, 274.10 & 274.14(a). Plaintiff cannot now be heard to complain of due process denials when his own inaction led to the refusal to reconsider his petition.

Defendant is also entitled to summary judgment regarding plaintiff's third claim alleging violations of the pertinent immigration laws and regulations for the reasons set forth above. The uncontroverted evidence reveals that all regulations were complied with and that plaintiff was treated fairly with respect to the seizure of his automobile. Similarly, the fourth and final claim asserting that the INS should be required to examine the merits of the remission or mitigation petition must be dismissed as a matter of law due to the proper administrative determination that such petition was untimely.

For these reasons, defendant's motion to dismiss the Complaint pursuant to Fed.R.Civ.P. rule 12(b)(1) is hereby ORDERED denied; and defendant's alternative motion for summary judgment under Fed.R.Civ.P. rule 56(b) is hereby ORDERED granted and the Complaint is hereby ORDERED dismissed.