**UNITED STATES of America, Plaintiff,**

**v.**

**ONE 1979 LINCOLN CONTINENTAL TOWN COUPE, TEXAS LICENSE NO. 565 CEW, VIN: 9Y81S691677, Defendant.**

**Civ. A. No. DR–84–CA–27.**

United States District Court,
W.D. Texas,
Del Rio Division.

Oct. 17, 1984.

Raymond A. Nowak, Asst. U.S. Atty., San Antonio, Tex., for plaintiff.

Victor Roberto Garcia, Pendergrass & Garcia, Del Rio, Tex., for defendant.

## MEMORANDUM OPINION

PRADO, District Judge.

This is a forfeiture action filed by the United States, *in rem*, against a vehicle used to commit a violation of 8 U.S.C. § 1324(a) to facilitate the unlawful transportation of illegal aliens into this country from Mexico.

During the evening of March 7, 1984, Border Patrol agents were alerted by sensor activity along the Mexico-United States border at a location particularly known for alien smuggling activities. Agents observed the Respondent vehicle and other vehicles leaving the areas. The vehicles were stopped, and Respondent 1979 Lincoln Continental was found to contain five (5) illegal aliens from Mexico. Respondent vehicle was driven by William J. "Billy" Rod-

riguez of San Marcos, Texas, age 22, the son of claimant Pedro Rodriguez, the registered owner of Respondent vehicle. Among the other persons arrested at the same time was David Carlos "Butch" Rodriguez—another son of claimant Pedro Rodriguez. In addition to claimant's car, *both* David Rodriguez' *and* William Rodriguez' cars were seized. Thus two persons arrested and three vehicles seized on the night of March 7, 1984 were connected in one way or another with claimant Pedro Rodriguez. In all, ten illegal aliens were being smuggled into this country at a charge of $500 each.

Procedurally, the United States' Verified Complaint for Forfeiture was filed on May 14, 1984; an Order for Warrant of Arrest of Property and for Notice was filed on May 18, 1984, as amended by Amended Order filed June 8, 1984; and an Answer was duly filed by Pedro Rodriguez on or about June 29, 1984.

This matter came on for hearing before the Court on August 20, 1984, upon the United States' Verified Complaint of Forfeiture. Claimant Pedro Rodriguez challenges the propriety of this proceeding by claiming an "innocent owner" exception to the strict liability standard applied to judicial forfeitures.

■ The "innocent owner" defense to seizure and forfeiture of conveyances used to transport an alien in violation of 8 U.S.C. § 1324(a) was eliminated by Congress in a 1981 amendment to § 1324(b). *See* Immigration and Nationality Act Amendments of 1981, Pub.L. No. 97–116, § 12, 95 Stat. 1617 (Dec. 29, 1981). Section 1324(b) now requires the government to show it had probable cause to believe that the Respondent vehicle was being used illegally to transport aliens. Once probable cause is demonstrated, the burden of proof shifts to the owner or claimant to show that the vehicle itself is "not guilty"—that is, that the wrong vehicle was seized, or that the vehicle was being used for a legal rather than an illegal purpose. *See* H.R.Rep. No. 97–264, *reprinted in* 1981 U.S.CODE CONG. & ADMIN.NEWS 2577, 2597. In this case the claimant acknowledges that the vehicle in question is the guilty vehicle.

Claimant argues that the legislature intended to eliminate the "innocent owner" defense only as it applied to seizure, not to forfeiture. As claimant interprets the legislative history of the 1981 amendment, Congress intended to provide an owner/claimant with *every* opportunity to present his or her case against forfeiture. In support of this contention, plaintiff notes the legislative mandate that INS promulgate regulations for the purpose of determining whether seized property is subject to forfeiture.

INS regulations require the agency to attempt with due diligence to ascertain the ownership of any conveyance seized pursuant to the Immigration and Nationality Act to determine whether the conveyance is subject to forfeiture. 8 C.F.R. § 274.5(a). The INS regulations do contain two "innocent owner" exceptions to forfeiture. The first phrase of sub-section 274.5(b)(3) states that a conveyance is not subject to forfeiture if the owner establishes he or she was not privy to the illegal use to which the vehicle was put. If the owner can credibly show the agency that he or she was completely unaware that the vehicle would be used to illegally transport aliens, then INS shall not proceed with forfeiture. The second portion of sub-section 274.5(b)(3) precludes forfeiture in situations where the owner did not consent, and took all reasonable steps to prevent the illegal use of the conveyance. In other words, an owner who verbally denies a request to borrow his vehicle while he tosses the borrower the keys would not be considered an innocent owner. Such an owner must convince the agency that under the particular circumstances of the case, he took all reasonable steps to prevent the illegal use.

■ Claimant argues that he has a right at forfeiture proceedings to enforce INS regulations, that such enforcement would show that he was without knowledge or reason to believe the car would be used to illegally transport aliens, and that such a showing compels INS to refrain from seek-

ing forfeiture. I cannot agree with claimant that the *Court* can or should insure claimant has *every* opportunity to present his case. The legislative history of the 1981 amendment is clear that Congress intended the *INS* to provide claimants with an *adequate* opportunity to show that a conveyance should not be subjected to forfeiture. *See* H.R.Rep. 97–264, *reprinted in* 1981 U.S.CODE CONG. & ADMIN. NEWS 2577, 2597.

■ It is at the INS investigatory stage that claimant may properly invoke the "innocent owner" defense by filing a timely petition for remission or mitigation with the agency. *Cf. Clow v. Nelson*, 579 F.Supp. 981, 983–985 (W.D.N.Y.1984). The agency's determination of claimant's petition falls within the discretionary function of INS and is final. *See* Administrative Procedure Act §§ 1–10, 5 U.S.C. §§ 701–704 (1976). As a general rule, a district court is without jurisdiction to review an administrative agency denial of a petition for remission or mitigation. *See, e.g., Clow v. Nelson*, 579 F.Supp. 981, 983 (W.D.N.Y. 1984); *One 1977 Volvo 242 DL v. United States*, 650 F.2d 660, 662 (5th Cir.1981); *United States v. One 1970 Buick Riviera*, 463 F.2d 1168, 1170 (5th Cir.1971), *cert. denied*, 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972). Judicial review may be exercised only in what is referred to as the *Edwards* exception [*U.S. v. Edwards*, 368 F.2d 722 (4th Cir.1966)], where petitioner claims the administrative agency has refused to exercise its discretion. *See 1977 Volvo 242 DL v. United States*, 650 F.2d 660, 662 (5th Cir.1981) (invocation of *Edwards* exception requires either very specific allegations of refusal to consider petition or *Edwards*-type concessions by government).

■ Claimant's pleadings in this action do not bring the case within the *Edwards* exception to permit the Court to review the INS determination to proceed with forfeiture. Claimant does not allege that he was denied an adequate opportunity to present his "innocent owner" defense to the INS. Nor does he claim the INS refused to consider his petition for remission or mitiga-

tion. Claimant argued at the forfeiture hearing that INS is not consistent in its determination of who is an innocent owner. But this allegation merely infers, without any clear showing, that INS may abuse its discretion from time to time, and it does not present a reviewable issue. *See United States v. One 1970 Buick Riviera*, 463 F.2d 1168, 1170 (5th Cir.1971), *cert. denied*, 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972).

Based upon the foregoing analysis and the evidence presented at a hearing before the Court on August 20, 1984, the Court now enters the following Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure.

### FINDINGS OF FACT

1. On March 7, 1984, Respondent 1979 Lincoln Continental Town Coupe, Texas License No. 565 CEW, VIN 9Y82S691677 was being operated in or around Eagle Pass, Texas by William J. Rodriguez. The registered owner of Respondent vehicle is claimant Pedro Rodriguez. William J. Rodriguez is the son of Pedro Rodriguez.

2. On March 7, 1984, William J. Rodriguez was acting in concert with others, including his brother, David Carlos Rodriguez, to smuggle approximately ten (10) illegal Mexican aliens into this country at a charge of $500.00 each. Three (3) vehicles—of which Respondent vehicle is one—were involved in the smuggling attempt.

3. On the above date, William Rodriguez drove Respondent vehicle to a pre-arranged location along the Rio Grande River where five (5) illegal Mexican aliens got into Respondent vehicle and proceeded to exit the area. The location involved was known to U.S. Border Patrol agents to be one particularly utilized for alien-smuggling activities.

4. At the above date and time, agents with the U.S. Border Patrol were alerted to the above smuggling activities by sensor activity. Visual observation, including observation of Respondent vehicle, confirmed

the smuggling activities described above. The three vehicles used in the smuggling operation—including Respondent vehicle—were subsequently stopped and seized. As noted, at the time of seizure, five (5) illegal Mexican aliens were found to be in Respondent vehicle being operated by William J. Rodriguez. Ever since its seizure, Respondent vehicle has been in storage in Del Rio, Texas.

5. There is no evidence that Claimant Pedro Rodriguez knew that Respondent vehicle was being used by his son William on March 7, 1984 to transport illegal aliens.

6. Subsequent to the time of seizure, Claimant Pedro Rodriguez, the registered owner of Respondent vehicle, was given actual notice of seizure of said vehicle. A $250.00 cost and claim bond was filed with the Border Patrol on or about April 12, 1984, by Claimant Rodriguez. The United States filed its Verified Complaint for Forfeiture against Respondent vehicle on May 14, 1984, to which an Answer was duly filed by Claimant Pedro Rodriguez, on or about June 29, 1984.

7. Any of the foregoing Findings of Fact which may be deemed to constitute conclusions of law shall be so considered.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter and over the *res* to this action under the provisions of 8 U.S.C. § 1324(b) and 28 U.S.C. § 1345 and § 1355.

2. On March 7, 1984, Respondent 1979 Lincoln Continental Town Coupe was seized in or around Eagle Pass, Texas, within the Del Rio Division of the Western District of Texas, by duly authorized agents of the Immigration and Naturalization Service, U.S. Border Patrol.

3. On March 7, 1984, Respondent vehicle was intended for use and was used to facilitate the unlawful transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a).

4. The United States, through its agents, had probable cause to believe that Respondent vehicle was intended for use and was used to facilitate the unlawful transportation of illegal aliens as aforesaid.

5. It is no defense to the forfeiture of Respondent vehicle that Claimant Pedro Rodriguez did not know that his son, William, would use Respondent vehicle in the unlawful manner stated. *United States v. One 1975 Ford Pickup Truck*, 558 F.2d 755 (5th Cir.1977); *U.S. v. One 1969 Plymouth Fury*, 476 F.2d 960 (5th Cir.1973); *U.S. v. One 1970 Buick Riviera*, 463 F.2d 1168 (5th Cir.1972).

6. The United States is entitled to entry of judgment of forfeiture against Respondent 1979 Lincoln Continental Town Coupe, with costs to be awarded to the United States as provided by law.

7. Any of the foregoing conclusions of law that may be construed to constitute Findings of Fact shall be so considered. Let judgment enter in favor of Petitioner United States in accordance with Rule 58.