In re the Matter of SIXTY SEVEN THOUSAND FOUR HUNDRED SEVENTY DOLLARS ($67,470.00) and one (1) 1982 Audi, Vehicle Identification Number WAUH00434CN044604.

Jimmy Glen AVERHART and Tommy Lee Averhart, Petitioners,

v.

UNITED STATES of America and Drug Enforcement Administration, U.S. Department of Justice, Respondents.

No. 89–7682

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 23, 1990.

---

James W. Parkman, III, Dothan, Ala., for petitioners.

William J. Snider, Drug Enforcement Admin., U.S. Dept. of Justice, Washington, D.C., John T. Harmon, Asst. U.S. Atty., Montgomery, Ala., for respondents.

Before KRAVITCH, HATCHETT and EDMONDSON, Circuit Judges.

KRAVITCH, Circuit Judge:

Petitioners Tommy Lee Averhart and Jimmy Averhart appeal the district court's dismissal with prejudice of their action to recover $67,470 in currency that was seized by the Drug Enforcement Administration (DEA) based upon probable cause to believe that the funds had been used in an unlawful narcotics transaction.[1] The petitioners asserted that the seizure was un-

---

1. Initially, Nancy Fish was a party to the present petition in order to recover her 1982

justified and that the delay of the government in responding to their request for remission violated their due process rights under the fifth amendment. The district court dismissed the petition, finding that it lacked jurisdiction to review the decision of the DEA and that the petitioners had no protectable interest in the timely disposition of their request for mitigation. We affirm.

## FACTS & PROCEDURAL BACKGROUND

On March 26, 1988, the Alabama Bureau of Investigation seized $67,470 from a vehicle driven by petitioners based on evidence that the currency had been used in a narcotics transaction. Subsequently, on June 30, 1988, the DEA notified petitioners that the $67,470 was being seized for forfeiture. The petitioners filed a request with the DEA for remission of the currency on August 8, 1988. The DEA notified the petitioners on August 17, 1988, that "before any decision can be made, the necessary investigation and review of your petition may take up to 120 days from the date of this letter."

After waiting 166 days for the DEA to assess their petition, the Averharts filed the present action in district court seeking the return of the seized currency. The district court stayed the petitioners' claim pending a determination by the DEA of the request for remission and mitigation. On March 8, 1989, the DEA denied the petition and, later, the petitioners' request for reconsideration. The government subsequently filed a motion to dismiss the petitioners' cause of action which was granted by the district court.

## JURISDICTION TO REVIEW AGENCY FORFEITURE DECISIONS

■ Petitioners contend that the district court erred in refusing to review the

DEA's decision to deny the request for remission. We disagree. The remission of forfeitures is neither a right nor a privilege, but an act of grace. *United States v. One 1961 Cadillac,* 337 F.2d 730, 733 (6th Cir.1964); *Arca Airlines v. United States Customs Service,* 726 F.Supp. 827, 830 (S.D.Fla.1989); *LaChance v. Drug Enforcement Administration,* 672 F.Supp. 76, 79 (E.D.N.Y.1987). The purpose of the remission statutes [2] is to grant the executive the power to ameliorate the potential harshness of forfeitures. *United States v. One 1976 Porsche 911S,* 670 F.2d 810, 813 (9th Cir.1979); *One 1961 Cadillac,* 337 F.2d at 733; *Arca Airlines,* 726 F.Supp. at 830; *LaChance,* 672 F.Supp. at 79. Under the statute, a decision with respect to the mitigation or remission of a forfeiture is committed to the discretion of the Secretary. 19 U.S.C. § 1608; *see One 1961 Cadillac,* 337 F.2d at 733; *Arca Airlines,* 726 F.Supp. at 830.

■ In recognition of these considerations, federal common law consistently has held that federal courts lack jurisdiction to review the merits of a forfeiture decision that the Secretary has reached in the exercise of his discretion. *One 1977 Volvo 242 DL v. United States,* 650 F.2d 660, 662 (5th Cir. Unit B 1981) [3]; *United States v. One 1970 Buick Riviera Bearing Serial No. 494870H910774,* 463 F.2d 1168, 1170 (5th Cir.1971), *cert. denied,* 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972); *Arca Airlines,* 726 F.Supp. at 830; *United States v. One 1979 Oldsmobile–Cutlass Supreme,* 589 F.Supp. 477, 479 (N.D.Ga.1984); *see One 1976 Porsche 911S,* 670 F.2d at 813; *United States v. One 1973 Buick Riviera Automobile,* 560 F.2d 897, 900 (8th Cir. 1977); *United States v. One Clipper Bow Ketch NISKU,* 548 F.2d 8, 12 (1st Cir.1977);

Audi that was seized along with the currency. After the DEA granted her request for remission of the automobile, the district court granted her motion to dismiss that portion of the petition demanding a return of the vehicle. Therefore, only the district court's disposition of the Averharts' petition for the return of the currency is properly before us on this appeal.

2. *See* 19 U.S.C. §§ 1602–19 (1982 & Supp. III).

3. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

*One 1961 Cadillac,* 337 F.2d at 733. Moreover, federal courts are generally prohibited from reviewing agency forfeiture decisions even where it is alleged that the Secretary abused his discretion. *One 1961 Cadillac,* 337 F.2d at 733; *Arca Airlines,* 726 F.Supp. at 830.

■ Only under certain narrow circumstances will a federal court have jurisdiction over an agency's forfeiture decision. First, a federal court may have jurisdiction when the agency does not even consider a request that it exercise its discretion. *One 1977 Volvo 242 DL,* 650 F.2d at 662; *One 1970 Buick Riviera,* 463 F.2d at 1170 & n. 3; *Arca Airlines,* 726 F.Supp. at 830; *LaChance,* 672 F.Supp. at 79–80. In order to invoke this exception, a petitioner must either make specific allegations showing a refusal to consider or the government must concede that the application was not properly considered. *One 1977 Volvo 242 DL,* 650 F.2d at 662. Here, the government made no such concession, and the agency provided a detailed explanation for its denial of remission, dispositively establishing that it considered the request. *Cf. United States v. Edwards,* 368 F.2d 722, 724 (4th Cir.1966); *Cotonificio Bustese, S.A. v. Morgenthau,* 121 F.2d 884 (D.C.Cir.1941); *Clow v. Nelson,* 579 F.Supp. 981, 983–84 (W.D.N.Y.1984).

■ Additionally, federal courts under limited circumstances may exercise equitable or anomalous jurisdiction over agency forfeiture decisions.[4] *United States v. Chapman,* 559 F.2d 402, 406 (5th Cir.1977); *Mason v. Pulliam,* 557 F.2d 426, 428 (5th Cir.1977); *Richey v. Smith,* 515 F.2d 1239, 1243–44 (5th Cir.1975); *Hunsucker v. Phinney,* 497 F.2d 29, 32–34 (5th Cir.1974), *cert. denied,* 420 U.S. 927, 95

S.Ct. 1124, 43 L.Ed.2d 397 (1975); *In re One 1983 Mercedes Benz Automobile VIN No. WDBCB2OA9DB041960,* Misc. No. 1664, slip op. at 3–4; *In re $49,065.00 in United States Currency,* 694 F.Supp. at 1559–60; *Ricon,* 691 F.Supp. at 1413–14; *In re $15,875.00 in United States Currency,* Civ. No. C87–922 (N.D.Ga. Nov. 9, 1987) (WESTLAW, 1987 WL 48216). The authority of federal courts to order the return of unlawfully seized property is derived from their well established supervisory authority over officers of the court. *Hunsucker,* 497 F.2d at 32 & n. 3, 34; *In re One 1983 Mercedes Benz Automobile VIN No. WDBCB2OA9DB041960,* Misc. No. 1664, slip op. at 4; *Ricon,* 691 F.Supp. at 1413. Several district courts in this circuit have properly found the court's supervisory authority to encompass the activity of DEA agents. *In re One 1983 Mercedes Benz Automobile VIN No. WDBCB2OA9DB041960,* Misc. No. 1664, slip op. at 4; *Matter of $49,065.00 in United States Currency,* 694 F.Supp. at 1559–60; *Ricon,* 691 F.Supp. at 1413 n. 7; *In re $15,875 in United States Currency,* Civ. No. C87–922; *see also Mason,* 557 F.2d at 428 (affirming district court's exercise of equitable jurisdiction over IRS agents); *Richey,* 515 F.2d at 1244 (suggesting that supervisory powers reach IRS agents); *Hunsucker,* 497 F.2d at 33 (same).

■ The decision to invoke equitable jurisdiction is highly discretionary and must be exercised with caution and restraint. *Richey,* 515 F.2d at 1243–45; *Hunsucker,* 497 F.2d at 34; *Ricon,* 691 F.Supp. at 1413–14. Such jurisdiction, therefore, is only appropriate in exceptional cases where equity demands intervention. *In re One 1983 Mercedes Benz Automobile*

**4.** One circuit has derived federal jurisdiction over forfeiture decisions from Fed.R.Crim.P. 41(e). *See Floyd v. United States,* 860 F.2d 999, 1002–03, 1006–08 (10th Cir.1988). This rule provides that "[a] person aggrieved by an unlawful search and seizure may move the district court for . . . the return of the property on the ground that such person is entitled to lawful possession of the property which was illegally seized." Fed.R.Crim.P. 41(e). We decline to follow the Tenth Circuit. Rule 41(e) applies only to criminal proceedings and is expressly

inapplicable to forfeiture of property in violation of a statute of the United States. Fed.R. Crim.P. 54(b)(5); *see United States v. Castro,* 883 F.2d 1018, 1019–20 (11th Cir.1989); *United States v. Rapp,* 539 F.2d 1156, 1160 (8th Cir. 1976); *In re One 1983 Mercedes Benz Automobile VIN No. WDBCB2OA9DB041960,* Misc. No. 1664, slip op. at 3 (M.D.Ala. Feb. 14, 1989); *In re $49,065.00 in United States Currency,* 694 F.Supp. 1559 (N.D.Ga.1987); *Matter of $89,000, Plus or Minus, In U.S. Currency and Checks v. Ricon,* 691 F.Supp. 1411 (N.D.Ga.1988).

*VIN No. WDBCB2OA9DB041960,* Misc. No. 1664, slip op. at 4; *Ricon,* 691 F.Supp. at 1413–14. In *Richey,* the former Fifth Circuit delineated several considerations that should guide the discretion of a district court in exercising equitable jurisdiction: (1) whether the government agents seized the property in "callous disregard for the constitutional rights" of the petitioner; (2) whether the petitioner has an individual interest in and need for the material he seeks to have returned; (3) whether the petitioner would be irreparably injured by denial of the return of the property; and (4) whether the petitioner has an adequate remedy at law. 515 F.2d at 1243–44; *see Chapman,* 559 F.2d at 406; *In re One 1983 Mercedes Benz Automobile VIN No. WDBCB2OA9DB041960,* Misc. No. 1664, slip op. at 4 n. 3; *In re $49,065.00 in United States Currency,* 694 F.Supp. at 1560; *Ricon,* 691 F.Supp. at 1414. Enveloping all of these factors are the basic equitable considerations of whether the petitioner's conduct and the merits of his position require judicial review to prevent manifest injustice. *See Richey,* 515 F.2d at 1245 (exercise of equitable jurisdiction may be justified if plaintiff's allegations are substantiated).

 The district court was well within its discretion in declining to exercise equitable jurisdiction in this matter. Petitioners received a Notice of Seizure letter from the DEA which accurately apprised them of their option to seek review of the seizure from either the DEA or a federal district court. In order to contest the forfeiture in court, petitioners were required to file a claim of ownership and bond with the DEA within twenty days of the first date of publication of the Notice of Seizure. *See* 19 U.S.C. § 1608. Petitioners were also given the option to avoid the bond requirement by requesting remission from the DEA within thirty days from receipt of the notice form. *See* 19 U.S.C. § 1613. Petitioners chose the second option.

 It is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture matter when the petitioner elected to forego the procedures for pursuing an adequate remedy at law. *In re Harper,* 835 F.2d 1273, 1274–75 (8th Cir.1988); *United States v. One 1988 Mercedes Benz,* 719 F.Supp. 595, 598–99 (E.D.Mich.1989); *In re One 1983 Mercedes Benz Automobile VIN No. WDBCB2OA9DB041960,* Misc. No. 1664, slip op. at 5–6; *LaChance,* 672 F.Supp. at 80; *Clow,* 579 F.Supp. at 984. Although such jurisdiction might be appropriate when a petitioner's failure to properly seek legal relief resulted from errors of procedure and form or the government's own misconduct, it cannot be used to enable a petitioner to rescind his own choice as to which avenue of relief to pursue. *See In re Harper,* 835 F.2d at 1274–75; *In re One 1983 Mercedes Benz Automobile VIN No. WDBCB2OA9DB041960,* Misc. No. 1664, slip op. at 5. The district court, therefore, properly held that it lacked jurisdiction to review the merits of the forfeiture.

## DUE PROCESS CLAIM

 Petitioners also raise the independent claim that the 166 day delay in receiving a determination of their petition for remission violated their right to due process under the fifth amendment. This claim does not challenge the DEA's determination on the merits, but rather the nature of the adjudicatory process itself. As the issue presents a federal question, this court has jurisdiction to review the claim pursuant to 28 U.S.C. § 1331.[5] *See Clow,* 579 F.Supp. at 983; *see also United States v. Von Neumann,* 474 U.S. 242, 250, 106 S.Ct. 610, 615, 88 L.Ed.2d 587 (1986) (implicitly recognizing federal question juris-

---

5. This court's reliance on federal question jurisdiction to review the petitioners' due process claim should not be construed as providing a means of circumventing the general jurisdictional bar to a review of the merits of forfeiture decisions. Had petitioners' due process claim gone to the merits of the DEA's decision, by alleging, for instance, that the initial seizure violated due process, we would still be precluded from adjudicating the issue unless it was appropriate to rely upon equitable jurisdiction. Here, the challenge is not to the validity of the seizure or the merits of the agency's forfeiture ruling but to the adjudicatory process itself.

diction over due process challenge to remission proceedings).

 The Supreme Court explicitly has held that an individual's property interest in the seized material is insufficient to confer a constitutional right to a speedy disposition of a remission petition. *Von Neumann*, 474 U.S. at 249, 106 S.Ct. at 614. The Court explained:

> The remission statute simply grants the Secretary the discretion not to pursue a complete forfeiture despite the Government's entitlement to one.... [R]emission proceedings are not *necessary* to a forfeiture determination, and therefore are not constitutionally required. Thus there is no constitutional basis for a claim that respondent's interest in the ... [seized property], or in the money put up to secure the bond, entitles him to a speedy answer to his remission petition.

*Id.* at 250, 106 S.Ct. at 615 (emphasis original).

 In *Von Neumann*, the Court left open the question of whether the remission statute itself creates a property right entitled to due process protection. *Id.* We too decline to resolve the issue because it is clear from the record that even if petitioners had such a right, it is impossible to see what prejudice they suffered as a result of the delay. *See id.* Petitioners have not alleged that the delay prejudiced their defense against the forfeiture nor, indeed, any other interest they may have held. *See id.* at 250–51, 106 S.Ct. at 615. Additionally, because the DEA ultimately determined that they were not entitled to the currency, petitioners cannot show that they suffered by being deprived of its use for an excessive period of time.

In conclusion, the trial court properly held that it lacked jurisdiction to review the merits of the denial of remission. Although federal question jurisdiction supports a review of petitioners' due process claim, we agree with the trial court's conclusion that petitioners failed to establish

such a claim. The judgment of the district court is, therefore, AFFIRMED.