**Harry D. DETWILER, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 00–35651.

D.C. No. CV–99–03075–HJF.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.[*]

Decided Sept. 20, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Detwiler's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Harry D. Detwiler appeals the judgment of the district court dismissing his forfeiture action with prejudice for lack of jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's determination that it lacked subject matter jurisdiction. *Stock W. Corp. v. Taylor,* 964 F.2d 912, 917 (9th Cir.1992) (en banc). Because Detwiler failed to comply with the administrative prerequisites to filing a forfeiture action, the district court properly concluded that it lacked jurisdiction. *See* 19 U.S.C. § 1608; 21 C.F.R. § 1316.76; *United States v. Castro,* 78 F.3d 453, 456–57 (9th Cir.1996). We are not persuaded by Detwiler's contention that the district court should have exercised its equitable jurisdiction as Detwiler failed to utilize the available remedy at law. *See United States v. Clagett,* 3 F.3d 1355, 1356 n. 1 (9th Cir.1993); *accord Averhart v. United States (In re Sixty Seven Thousand Four Hundred Seventy Dollars),* 901 F.2d 1540, 1545 (11th Cir.1990).

Detwiler's remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

