Conrado ACOSTA, Plaintiff—Appellant,

v.

**UNITED STATES of America; et al., Defendants—Appellees.**

No. 04–56164.

D.C. No. CV–03–06170–R.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 12, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Conrado Acosta, Adelanto, CA, pro se.

John E. Lee, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Defendants–Appellees.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM **

Conrado Acosta appeals pro se the district court's order dismissing for lack of subject matter jurisdiction his action for return of currency seized. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ We review de novo the district court's determination that it lacked subject matter jurisdiction. *Stock W. Corp. v. Taylor,* 964 F.2d 912, 917 (9th Cir.1992) (en banc). Because Acosta failed to comply with the administrative prerequisites to challenge a forfeiture, the district court properly concluded that it lacked subject matter jurisdiction. *See* 19 U.S.C. § 1609; *cf. United States v. Elias,* 921 F.2d 870, 875 (9th Cir.1990) (holding that, because administrative forfeiture proceedings provided adequate legal remedy, appellant who received notice but failed to file a timely claim was barred under the Federal Rules of Criminal Procedure from filing a

Rule 41(e) motion to challenge the civil forfeiture); *accord Linarez v. United States Dept. of Justice,* 2 F.3d 208, 213 (7th Cir.1993) (affirming dismissal for lack of subject matter jurisdiction where plaintiff failed to file a timely claim of ownership in a civil administrative forfeiture action).

Furthermore, Acosta concedes he received timely notice of the Drug Enforcement Administration's intent to administratively forfeit $83,805 in U.S. currency seized during a narcotics-related raid of his residence. Because we are not persuaded by Acosta's reasons for his failure to submit a timely claim of ownership, we hold that the district court properly refused to exercise its equitable jurisdiction in this case. *See United States v. Clagett,* 3 F.3d 1355, 1356 n. 1 (9th Cir.1993); *accord Averhart v. United States (In re Sixty Seven Thousand Four Hundred Seventy Dollars),* 901 F.2d 1540, 1545 (11th Cir. 1990).

To the extent Acosta contends that the DEA erred in denying on the merits his petition for remission or mitigation of the forfeiture, we are without jurisdiction to review this claim. *See* 19 U.S.C. § 1618; *see also Marshall Leasing Inc. v. United States,* 893 F.2d 1096, 1101 (9th Cir.1990) ("the general rule [is that] courts do not have the power to review a denial of a petition for remission of forfeiture.").

■ To the extent Acosta contends that his counsel's failure to file a timely claim to the seized funds constituted ineffective assistance of counsel, we decline to review this claim because there is no constitutional right to counsel in a forfeiture proceeding. *See United States v. $292,888.04 in U.S. Currency,* 54 F.3d 564, 569 (9th Cir. 1995) (no Sixth Amendment right to counsel "because imprisonment is not author-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ized by any of the civil forfeiture statutes").

We are unpersuaded by Acosta's contention that he was wrongly denied the protections afforded by Article 36(1)(b) of the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77, because he has provided no evidence of his citizenship or any other documents to show that the outcome in this case may have been different had the Convention been followed. *See U.S. v. Rangel–Gonzales*, 617 F.2d 529, 530–31 (9th Cir.1980) (noting that initial burden of showing prejudice was on Rangel, who met this burden by presenting affidavits from himself, the Mexican Consul General, an experienced immigration attorney, legal and social services groups, and various family members).

Acosta's remaining contentions lack merit.

AFFIRMED.