**The FIFTH AVENUE PEACE PARADE COMMITTEE, an unincorporated association and Deborah D. Weisburd and Robert H. Silk, individually and on behalf of all other persons similarly situated, Plaintiffs,**

**v.**

**J. Edgar HOOVER, as Director of the Federal Bureau of Investigation, John F. Malone, as Assistant Director in Charge of the Federal Bureau of Investigation in New York City, and the Amalgamated Bank of New York, Defendants.**

**No. 70 Civ. 2646.**

United States District Court,
S. D. New York.

April 28, 1971.

Donald D. Shack, Robert A. Goldston, Jeffrey L. Zivyak, Arthur I. Weinstein, Barry H. Mandel, New York City, Burt Neuborne, New York Civil Liberties Union, New York City, for plaintiffs.

Whitney North Seymour, Jr., U. S. Atty. for Southern District of New York, by Daniel Riesel, Asst. U. S. Atty., for defendants J. Edgar Hoover and John F. Malone.

Szold, Brandwen, Meyers & Altman, by Allen G. Blumberg, New York City, for defendant Amalgamated Bank of New York.

## OPINION

TYLER, District Judge.

· This is an action for injunctive relief, including return of documents alleged to have been seized by the Federal Bureau of Investigation (FBI) in a constitutionally impermissible manner. Plaintiffs allege that defendants Hoover and Malone (hereinafter "the FBI") have violated their constitutional rights under the First and Fourth Amendments by authorizing and directing FBI surveillance of plaintiffs' activities, viz., copying checks and bank records of plaintiffs with the cooperation of defendant The Amalgamated Bank of New York and photographing participants in demonstrations planned by The Fifth Avenue Peace Parade Committee (hereinafter "the Committee").

◼ Plaintiffs have set forth three grounds for jurisdiction: (1) 28 U.S.C. § 1331(a)—federal question, (2) F.R. Crim.P. Rule 41(e)—suppression of illegally seized evidence and (3) 28 U.S.C. § 1361—mandamus.[1] Defendants have moved to dismiss for lack of subject matter jurisdiction. F.R.Civ.P. Rule 12 (b) (1). This memorandum deals solely with the jurisdictional questions presented.

Despite defendants' contentions of lack of merit and truth of any of plaintiffs' claims, in the present posture of the case and for purposes of this motion, plaintiffs' allegations must be assumed to be true. Upon this assumption, they raise significant issues as to the allowable scope of government surveillance of activities which are or may be within the ambit of First Amendment protections, a topic of considerable controversy and discussion in recent weeks. Another critical aspect of this case is the fact that if it is not heard in a federal district court, it probably will not be heard at all.[2] See generally, Note, Draft Reclassification for Political Demonstrations—Jurisdictional Amount in Suits Against Federal Officers, 53 Cornell L. Q. 916, 926–929 (1968). Keeping these preliminary observations in mind, each of the three jurisdictional grounds will be discussed.

### A. § 1331(a)

Defendants claim that plaintiffs have failed to demonstrate that they have satisfied the $10,000 requirement of § 1331(a). So far as I can determine

---

1. Plaintiffs have also invoked 28 U.S.C. §§ 2201, 2202 as bases for jurisdiction, but it is clear that these sections dealing with declaratory judgments do not expand the jurisdiction of federal district courts but merely increase their functions in cases of which they otherwise have jurisdiction. See Van Buskirk v. Wilkinson, 216 F.2d 735, 737 (9th Cir. 1954).

2. Cf. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 409 F.2d 718, 723 (2d Cir. 1969), appeal pending, 399 U.S. 905, 90 S.Ct. 2203, 26 L.Ed.2d 559 (1970) :
   Few more unseemly sights for a democratic country operating under a system of limited governmental power can be imagined than the specter of its courts standing powerless to prevent a clear transgression by the government of a constitutional right of a person with standing to assert it.

there has never been a Supreme Court decision precisely spelling out how much of a showing is required to meet the monetary value minimum when an evaluation of personal liberties is in issue, but it seems clear that some kind of showing must be made. See Oestereich v. Selective Service Local Board No. 11, 393 U.S. 233, 239, 89 S.Ct. 414, 21 L. Ed.2d 402 (1968); Hague v. Committee for Industrial Organization, 307 U.S. 496, 508, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). Although there have been several cases involving property rights, see, e. g., Saint Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); KVOS, Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936), and disputes between private parties, see, e. g., Barry v. Mercein, 46 U.S. (How.) 103, 12 L.Ed. 70 (1847), I do not deem them apposite in a case involving personal constitutional rights. Nor has the Court of Appeals in this circuit laid down a definitive rubric on this subject. See Fein v. Selective Service System Local Board No. 7, 430 F.2d 376, 378 n.1 (2d Cir. 1970); Wolff v. Selective Service Local Board No. 16, 372 F.2d 817, 826 (2d Cir. 1967). But see other Second Circuit cases discussed *infra*.

Overall, the federal courts have been inconsistent in their treatment of the standard of valuation to be used in a civil rights case brought under § 1331. Some have tended toward a strict interpretation of the statutory language, requiring a demonstration of precise valuation before upholding jurisdiction. See, e. g., Goldsmith v. Sutherland, 426 F.2d 1395 (6th Cir. 1970); Yoder v. Assiniboine and Sioux Tribes of Fort Peck Indian Reservation, 339 F.2d 360 (9th Cir. 1964); Giancana v. Johnson, 335 F.2d 366 (7th Cir. 1964), cert. denied, 379 U.S. 1001, 85 S.Ct. 718, 13 L.Ed.2d 702 (1965); Boyd v. Clark, 287 F.Supp. 561 (S.D.N.Y.1968), judgment aff'd without reaching jurisdictional question, 393 U.S. 316, 89 S.Ct. 553, 21 L.Ed.2d 511 (1969).[3] Other courts have adopted a liberal standard in valuing personal rights in order to uphold federal jurisdiction in appropriate cases. See, e. g., Berk v. Laird, 429 F.2d 302 (2d Cir. 1970); Cortright v. Resor, 325 F.Supp. 797 (E.D.N.Y. filed Feb. 9, 1971); Murray v. Vaughn, 300 F.Supp. 688, 694–696 (D.R.I.1969).

I conclude that the better and modern view in cases where the complaint alleges abridgment of constitutional rights by federal officials is to give the jurisdictional allegations of the complaint a broad and liberal interpretation.[4] Where, as here, plaintiffs have alleged activity which could tend to seriously inhibit their rights of assembly and petition,[5] I am reluctant to

3. Some of these cases are distinguishable from the one before me. For example, in *Giancana*, plaintiff failed to even allege the jurisdictional minimum in his complaint; and *Yoder* could properly be classified as involving property rather than personal rights.

4. Chief Judge Lumbard has articulated this view in Fein v. Selective Service System Local Board No. 7, *supra*, 430 F. 2d at 384–385 (Lumbard, Ch. J., Dissenting):
    Further, I think we are required to give the most liberal possible readings to jurisdictional allegations in cases such as this * * *. For if the $10,000 requirement of Section 1331 closes the doors of the federal courts, petitioners complaining of unconstitutional acts by the Selective Service System will have nowhere to go for relief [since mandamus is rarely available and state court jurisdiction is questionable]. * * *
    Since Fein clearly can sustain his jurisdictional allegation, I need not consider the case of a poor man who stands to lose nothing but his most precious personal liberties if the unconstitutional actions of the federal government are beyond the reach of the courts. But if that case ever comes before us, I have grave doubts that the old rule requiring the claimed deprivation be capable of monetary valuation would long endure.

5. See Hague v. Committee for Industrial Organization, *supra*, 307 U.S. at 524, 59 S.Ct. at 968 (Stone, J., Concurring): "No more grave and important issue can be brought to this court than that

conclude, upon a preliminary motion, that such rights are worth less than $10,000 to plaintiffs. Certainly they may be difficult of evaluation, but "priceless" does not necessarily mean "worthless".[6]

This conclusion tends to be supported by an examination of the legislative history of current § 1331(a), which indicates that the purpose of the $10,000 requirement is to limit insofar as possible the federal courts to "substantial controversies" and avoid the possibility of their having to "fritter away" time and energy on "petty controversies." See S. Rep. No. 1830, 85th Cong., 2d Sess. 3 (1958). To track the rubric of the Senate Committee report, it must be assumed on the basis of the complaint allegations that this case raises issues which are "substantial" rather than "petty". Also, it is worth noting that if these acts were committed by state officials, this court would have jurisdiction without regard to the $10,000 limit. 28 U.S.C. § 1343. See Hague v. Committee for Industrial Organization, *supra*, 307 U.S. at 531–532, 59 S.Ct. 954 (Stone, J., Concurring): Eisen v. Eastman, 421 F. 2d 560 (2d Cir. 1969).

■ For purposes of this motion to dismiss for lack of jurisdiction, therefore, plaintiffs' allegations of violations of personal constitutional liberties are sufficiently grave to satisfy the $10,000 requirement of § 1331(a).[7]

### B. *Rule 41(e)*

■ It is now established that Rule 41(e) can be the basis for federal district court jurisdiction to hear a motion for pre-indictment relief from an unconstitutional search and seizure. See generally, DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); Lord v. Kelley, 223 F.Supp. 684 (D. Mass.1963), appeal dismissed, 334 F.2d 742 (1st Cir. 1964), cert. denied, 379 U.

S. 961, 85 S.Ct. 650, 13 L.Ed.2d 556 (1965). But such jurisdiction is to be exercised with great restraint and caution since it rests upon the court's supervisory power over the actions of federal law enforcement officials. See Silbert v. United States, 275 F.Supp. 765 (D.Md.1967); Parrish v. United States, 256 F.Supp. 793 (D.Va.1966), appeal dismissed, 376 F.2d 601 (1967).

■ Here I doubt that it would be appropriate for this court to exercise jurisdiction under Rule 41(e). There is no indication of any indictment forthcoming either in the immediate or distant future. Also, since any search and seizure, if plaintiffs' allegations are true, was conducted with the consent of the defendant bank, it is far from clear that plaintiffs' Fourth Amendment rights were infringed. Similarly, there is doubt that plaintiffs, both the Committee and the individuals, have standing to raise the issue. See Jones v. United States, 362 U.S. 257, 261, 80 S. Ct. 725, 4 L.Ed.2d 697 (1960); United States v. Sacco, 436 F.2d 780 (2d Cir. 1971); Boyle v. United States, 395 F.2d 413 (9th Cir. 1968), cert. denied, 393 U. S. 1089, 89 S.Ct. 861, 21 L.Ed.2d 782 (1969). Though perhaps academic in view of the disposition already made under § 1331(a), I decline to sustain jurisdiction on this ground.

### C. § *1361*

■ Mandamus under 28 U.S.C. § 1361 is appropriate only to review ministerial acts which are subject to positive command, plainly described and free from doubt. United States v. Walker, 409 F.2d 477, 481 (9th Cir. 1969); Guffanti v. Hershey, 296 F. Supp. 553, 555 (S.D.N.Y.1969). Normally, acts of discretion are not subject to mandamus, although officials may occasionally go so far beyond their discretion as to warrant judicial interference.

of freedom of speech and assembly. * * * "

6. See Comment, A Federal Question Question: Does Priceless Mean Worthless? 14 St. Louis Univ.L.J. 268 (1969).

7. It is possible, of course, that a trial may produce evidence indicating that a contrary finding is mandated.

See Nixon v. Secretary of Navy, 422 F. 2d 934, 940 (2d Cir. 1970). Also, there are occasions of deprivations of constitutional rights where satisfaction of the mandamus requirements might be viewed liberally, see National Ass'n of Government Employees v. White, 135 U. S.App.D.C. 290, 418 F.2d 1126 (1969); Murray v. Vaughn, *supra*, and arguably this approach might be appropriate in this case. But even with this most liberal interpretation, a court must have the benefit of some specific statutes or regulations against which to measure the duties said to have been specifically ignored by the defendant' or defendants. Plaintiffs have not made such a showing here. They rest upon the flat assertion that defendants have a duty not to violate the constitutional rights of plaintiffs. Although the proposition cannot be denied, I think that to allow it as a basis for federal jurisdiction under § 1361 would be to stretch mandamus far beyond its proper limits.

Notwithstanding this view of plaintiffs' mandamus theory, since it has been ruled that there is jurisdiction under § 1331(a), defendants' motion to dismiss must be and is denied.

It is so ordered.