Peter L. BOYD, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Federal Bureau of Investigation, D.E.A., Respondents.

No. 87 CV 1152.

United States District Court, E.D. New York.

Oct. 14, 1987.

Frank T. Geoly, Brooklyn, N.Y., for petitioner.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Brooklyn, N.Y. by Martin E. Coffey, Asst. U.S. Atty., for respondents.

## MEMORANDUM AND ORDER

PLATT, District Judge.

"Petitioner"[1] Peter L. Boyd has moved this Court for an order directing return of property taken from him by federal law enforcement officers pursuant to Fed.R. Crim.P. 41(e). For the reasons given below, the motion is dismissed.

Affidavits submitted by the parties reveal certain undisputed facts in this case. During the afternoon of February 11, 1987, two Drug Enforcement Administration ("DEA") agents approached movant at LaGuardia Airport. Movant was questioned and searched. Approximately $24,300 was removed by the agents from him. As of April 9, 1987, the date of the most recent affidavit filed by the seizing agent, movant had apparently not been arrested, charged, indicted, or targeted by a grand jury investigation related to his possession of the seized property.

On March 9, 1987, some twenty-six days after seizing the currency, the DEA mailed movant a "Notice of Seizure" in accordance with 19 U.S.C. § 1607(a) ("Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article").

The notice stated that "[p]ursuant to Title 19 USC Sections 1602–19 . . . procedures to administratively forfeit this property are underway." It went on to describe in readily understandable language the procedures by which movant could request remission or mitigation of the forfeiture or contest it in United States District Court. He was told that he must file either a bond of $2,429 or a "Declaration in Support of Request to Proceed IN FORMA PAUPERIS" along with his claim of ownership to bring his action in federal court. These instructions complied with existing law. 19 U.S.C. § 1608; 21 U.S.C. § 881(d); 19 C.F.R. § 162.47(e). *See also United States v. One Tintoretto Painting Entitled "The Holy Family with Saint Catherine and Honored Donor"*, 691 F.2d 603, 608 (2d Cir.1982) (contrasting optional remission and mitigation procedures with mandatory bond and claim requirements for federal court action).

However, movant apparently chose to disregard the notice as he filed a Notice of Motion before this Court sitting in the Miscellaneous Part of the Eastern District of New York on March 24, 1987, more than two weeks after the DEA had sent him the statutorily required notice. On March 24, movant could still have filed the proper bond or *pauperis* declaration as he had been advised in the notice, in accordance with 19 U.S.C. § 1608, that his statutorily prescribed filing must be made *"within twenty (20) days* of the *first date* of publication of the notice of seizure in the Wednesday edition of *USA Today"* (emphasis in original). Furthermore, respondents' Affidavit in Opposition, received by this Court on April 1, 1987, informed movant that the time within which he could contest the seizure using the procedures described in the notice had not yet expired.

The legal question raised by these facts is whether this Court sitting as a court of limited jurisdiction, Art. III, U.S. Const., has the power to hear movant's motion in the form in which it has been presented.

---

**1.** Mr. Boyd has styled himself as a "petitioner" but he is more aptly described and will be hereinafter referred to as "movant."

Had movant filed the requisite bond or *pauperis* declaration along with a claim of ownership, administrative forfeiture proceedings would have been initiated by the United States Attorney. 19 U.S.C. §§ 1604, 1610. This Court would have had jurisdiction under 21 U.S.C. § 881 and 28 U.S.C. § 1345. However, the Court's jurisdiction over a Fed.R.Crim.P. 41(e) motion filed without any attendant criminal proceedings underway is at best arguably discretionary, and this Court declines movant's invitation to assert it on the facts of this case, particularly in the light of the alternatives available to the movant.

■ As an initial matter, movant has selected the wrong set of Federal Rules under which to bring this action. The Federal Rules of Criminal Procedure (the "Criminal Rules") "govern the procedure in all criminal proceedings in the courts of the United States." Fed.R.Crim.P. 1. "These rules are intended to provide for the just determination of every criminal proceeding." Fed.R.Crim.P. 2. There were no criminal proceedings underway at the time movant filed his motion and there are none pending now. Movant has never been arrested, charged, indicted for a related federal offense, or targeted by a grand jury investigation. There was and is no criminal case to which movant's motion could be attached. It was a motion "in the air," so to speak. Extension of the Criminal Rules beyond criminal cases by judicial fiat is not permitted by the authorizing statute. 18 U.S.C. § 3771 ("The Supreme Court ... shall have the power to prescribe ... rules of pleading, practice, and procedure with respect to any and all proceedings prior to and including verdict ... in criminal cases").

■ Movant's motion is in reality (if anything) a civil motion for return of property and should have been brought as such. *See Lord v. Kelley*, 223 F.Supp. 684, 688

(D.Mass.1963) (Wyzanski, J.) ("It certainly is not inappropriate that the initial pleading should take the style of a 'complaint' rather than a 'motion'. A 'motion' inevitably suggests that there is already in being some case in the course of which the motion is pleaded as a second or procedural step. The word 'complaint' or 'petition' is a more correct description of the opening gambit."). Such being the case, the Federal Rules of Civil Procedure (the "Civil Rules") are applicable as "[t]hese rules govern the procedure ... in all suits of a civil nature." Fed.R.Civ.P. 1.[2] As movant has failed to file a complaint, he has never initiated a proper civil action. Furthermore, movant's motion under the Criminal Rules may be said to be an attempt to circumvent the $120 filing fee required in civil actions, 28 U.S.C. § 1914(a), as well as the statutorily required bond of $2429.

Returning to the procedure selected by the movant, his motion violated the policies underlying the Criminal Rules as well as their language. The Criminal Rules "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." Fed.R.Crim.P. 2. They certainly should not be used (i) to create "jurisdictional" bases, (ii) to avoid prescribed appropriate forums and procedures and (iii) to circumvent financial obligations otherwise imposed on litigants complying with the rules. Motions such as these bypassing existing statutory procedures create needlessly complex jurisdictional disputes as no specific statutory authorization for the Court's so-called "anomalous" jurisdiction is applicable. *See* discussion *infra*. Furthermore, the Advisory Committee's Notes to the 1972 Amendment to Criminal Rule 41 states that "[t]he amendment to subdivision (e) ... [is] intended to require the motion to suppress evidence to be made in the trial court rather than in the district in

---

**2.** Rule 2 provides that "[t]here shall be one form of action to be known as "civil action."

Rule 3 provides that "[a] civil action is commenced by filing a complaint with the Court."

There are few exceptions left as to the proper method of commencing any kind of action (or proceeding), *e.g.*, Fed.R.Crim.P. 6(e)(3)(D) ("peti-

tion" for disclosure of grand jury proceedings) and 28 U.S.C. § 2254 ("application" for a writ of habeas corpus). As indicated in the text a "motion", unlike a complaint, petition or even an "application", is not distinctly or normally considered an appropriate method to commence an action or a proceeding.

which the evidence was seized." Here, however, there is no assurance that should charges be brought at a later date against the movant, this Court would hear the criminal complaint.

■ Thus, close attention to the language and policies behind the Criminal Rules suggests that dismissal of movant's motion on its face is appropriate. However, the judicially created doctrine of "anomalous" jurisdiction has stretched Fed.R.Crim.P. 41(e) motions far beyond the confines of the Criminal Rules themselves.[3] So-called "anomalous" jurisdiction has been proffered as an excuse for federal courts to hear such motions unrelated to criminal proceedings. Such jurisdiction is said to be founded upon "the court's supervisory power over the actions of federal law enforcement officials," *Fifth Avenue Peace Parade Committee v. Hoover*, 327 F.Supp. 238, 242 (S.D.N.Y.1971), although the federal court's equitable powers are also frequently invoked as a justification, *Pieper v. United States*, 604 F.2d 1131, 1133 (8th Cir.1979). As such, both grounds are nonstatutory and run at the very edge if not beyond the authorized scope of a federal court's authority. Thus, courts are not compelled to assert their "anomalous" jurisdiction and should do so, if at all, only when absolutely necessary and with great hesitation. *See Hunsucker v. Phinney*, 497 F.2d 29, 32 (5th Cir.1974) ("Though firmly established, this jurisdiction is an exceptional one"); *Fifth Avenue Peace Parade Committee*, 327 F.Supp. at 242 ("[S]uch jurisdiction is to be exercised with great restraint and caution"); *In re Wiltron Associates Ltd.*, 49 F.R.D. 170, 172 (S.D.N.Y.1970) ("Such jurisdiction is discretionary, not mandatory, and should be sparingly exercised rather than used as a means of imposing further conditions, not prescribed by rule or statute, that will have the effect of impeding law enforcement officials in the conduct of pre-indictment investigations").

■ The Second Circuit has held in several cases where it did not reach the availability of alternate remedies that a Fed.R. Crim.P. 41(e) motion independent of an underlying criminal action may be viewed as a civil complaint. *See Grant v. United States*, 282 F.2d 165, 168 (2d Cir.1960) (Friendly, J.) ("We have said that such a motion 'was in effect a complaint initiating a civil action' ") (quoting *Lapides v. United States*, 215 F.2d 253, 254 (2d Cir.1954)); *Russo v. United States*, 241 F.2d 285, 287–88 (2d Cir.1957) (proceeding initiated by a Fed.R.Crim.P. 41(e) motion filed before indictment "is an independent civil proceeding and not merely preliminary to a criminal action").

However, movant's motion must still be dismissed even if it is read as a properly filed civil complaint. "Anomalous" jurisdiction is inappropriate when no criminal proceedings are pending at the time the motion is filed and when the movant has a readily available statutory remedy to contest ownership of property and the lawfulness of the seizure, as well as other available civil remedies. This type of jurisdiction should not be extended beyond the situations that led to its creation and development.

In this Court's view, "anomalous" jurisdiction has resulted in federal courts hearing motions unrelated to criminal cases for two reasons. First, to deter constitutional violations when the exclusionary rule is ineffectual because of the absence of criminal proceedings. *See Richey v. Smith*, 515 F.2d 1239, 1244 n. 11 (5th Cir.1975) ("Where ... there is no pending criminal action, the deterrent policies underlying the exclusionary rule may not be as significant as the interest of the court in securing compliance with constitutional procedures by law enforcement agents"). Second, to facilitate return of improperly seized property. *See United States v. Martinson*, 809 F.2d 1364 (9th Cir.1987) (action initiated to recover property later found destroyed by government action).

Clearly, if an existing statutory scheme facilitates both objectives, extension of the

---

**3.** The term "anomalous jurisdiction" is in widespread use by the courts. *See Pieper v. United States*, 604 F.2d 1131, 1133 (8th Cir.1979); *Richey v. Smith*, 515 F.2d 1239, 1243 n. 7 (5th Cir. 1975); *Lord v. Kelley*, 223 F.Supp. 684, 688 (D.Mass.1963), *appeal dismissed*, 334 F.2d 742 (1st Cir.1964), *cert. denied*, 379 U.S. 961, 85 S.Ct. 650, 13 L.Ed.2d 556 (1965).

Court's power under such an elastic rubric as the Court's supervisory power over federal law enforcement officials is unnecessary. Thus, although courts in similar cases have weighed other factors as well, *see Pieper,* 604 F.2d at 1133, the adequacy of movant's remedy at law is most significant for the analysis.

Had movant availed himself of civil forfeiture proceedings, he could have contested both the lawfulness of the DEA's seizure and ownership of the currency. The government would have been required to show probable cause for the seizure. 19 U.S.C. § 1615. The exclusionary rule would have been applicable to the probable cause showing, *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 696, 85 S.Ct. 1246, 1248, 14 L.Ed.2d 170 (1965), although the currency itself would not have been suppressible as the fruit of an unlawful search, *Immigration and Naturalization Service v. Lopez–Mendoza,* 468 U.S. 1032, 1040, 104 S.Ct. 3479, 3484, 82 L.Ed.2d 778 (1984). Absent proof of probable cause by the government, the civil forfeiture action could not have been brought. Furthermore, even if probable cause had been shown, movant still could have contested ownership of the currency. 19 U.S.C. § 1615.

Moreover, there is nothing to indicate that movant has been precluded from bringing a plenary civil action against the appropriate party (parties) for replevin, conversion, or for deprivation of property without due process of law. In addition, movant may possibly bring an action in the United States Claims Court. 28 U.S.C. § 1491.

Movant's motion must be, and hereby is, dismissed without prejudice to any limitation period provided in 19 U.S.C. § 1608 so long as he meets the filing requirements within twenty (20) days of the date of this order, the government not having been prejudiced by any delay herein.

SO ORDERED.