In the Matter of $49,065.00 IN UNITED STATES CURRENCY.

Civ. A. No. C87–1689A.

United States District Court, N.D. Georgia, Atlanta Division.

Nov. 18, 1987.

Jerome J. Froelich, David Mark Kupsky, McKenney & Froelich, Atlanta, Ga., for movant.

J.D. Roy Atchison, Asst. U.S. Atty., Atlanta, Ga., for United States.

ORDER

ROBERT H. HALL, District Judge.

This matter is currently before the court on movant, Facundo Nelson Izquierdo's, motion for return of seized property, pursuant to Rule 41(e), Fed.R.Crim.P. Movant alleges that the government illegally seized and detained $49,065.00, allegedly the property of movant, after an agent with the Drug Enforcement Agency ("DEA") stopped movant in the Atlanta Hartsfield International Airport. Movant contends that he is entitled to the return of the money pursuant to Fed.R.Crim.P. 41(e) which provides that a person aggrieved by an unlawful search and seizure may move the district court for the return of the seized property.

In late August 1987 movant advised the DEA, Asset Forfeiture Unit, that he claimed ownership in the money and he mailed to DEA an acceptable cost bond. On September 16, 1987, DEA mailed a forfeiture referral to the U.S. Attorney for the Northern District of Georgia requesting the filing of a forfeiture action. The U.S. Attorney either has or will institute a forfeiture proceeding involving the currency.

■ This court does not have jurisdiction to return the seized money pursuant to Rule 41(e). That Rule applies only in criminal proceedings and the currency claimed by movant is being held for purposes of a civil forfeiture proceeding. Rule 54(b)(5) of the Federal Rules of Criminal Procedure clearly provides that "[t]hese rules [including Rule 41(e)] are not applicable to ... civil forfeiture of property for violation of a statute of the United States...." *See also United States v. Rapp*, 539 F.2d 1156, 1160 (8th Cir.1976) (Rule 41(e) did not provide jurisdictional basis where seizure and forfeiture of automobile was in nature of *in rem* action which is civil rather than criminal).

■ Although movant did not argue in the alternative that this court should exercise equity jurisdiction to order the currency returned to him, the court finds that even if he had, the requirements necessary to invoke such jurisdiction have not been

met. The former Fifth Circuit set forth the requirements for invoking equity jurisdiction in this type of case. In *United States v. Chapman,* 559 F.2d 402 (5th Cir. 1977), the court discussed the "doctrine of anamalous jurisdiction [which] projects the adjudicatory authority of a court to cover actions for the ... return of seized property even though no indictment has been returned and no criminal prosecution is yet in existence." *Id.* at 406. The court noted that the use of the doctrine is conditioned on a showing of several factors: whether the government, in seizing the property, displayed a callous disregard for the constitutional rights of the claimant; whether the claimant has an individual interest in and need for the property; whether the claimant has an adequate remedy at law; and whether the claimant would be irreparably injured by denial of the return of the property. *Id.*

Movant, in the instant action, has failed to show that any of the prerequisites for equity relief have been met. In particular, movant has not shown, and indeed cannot show under the law, that he will be irreparably injured if the court denies the return of the property or that he does not have an adequate remedy at law. Because currency is not a wasting asset, any value lost by the retention of the currency can be restored by the addition of interest if claimant prevails in the forfeiture action. *See Ivers v. United States,* 581 F.2d 1362, 1373 (9th Cir.1978); *United States v. $19,120,000 in U.S. Currency,* No. C86–2106A (N.D.Ga. Mar. 11, 1987) (Forrester, J.) (unpublished). Therefore, movant will not be irreparably injured by retention of the money. Furthermore, because the U.S. Attorney will be instituting a civil forfeiture proceeding in which movant will be able to contest the legality of the search and seizure, movant has an adequate remedy at law. *Cf., Castleberry v. Alcohol, Tobacco and Firearms Div.,* 530 F.2d 672, 675 (5th Cir.1976) (limit of relief the district court should have granted was requirement that government promptly institute forfeiture proceedings or return the seized property while admonishing that the legality of the seizure should be determined in the forfeiture proceedings).

For these reasons, the court DENIES movant's Rule 41(e) motion for return of seized property. Movant's claims should be raised in the forfeiture proceeding which will be filed by the U.S. Attorney for the Northern District of Georgia. The court hereby TERMINATES this actio .