**UNITED STATES, Plaintiff,**

v.

**ONE 1988 MERCEDES BENZ, VIN: WDBBA48D5JA087263, Defendant.**

**Misc. No. 89–760.**

United States District Court, E.D. Michigan, S.D.

Aug. 31, 1989.

John C. Engstrom, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Walter J. Piszczatowski, Hertz, Schram & Saretsky, P.C., Bloomfield Hills, Mich., for defendant.

---

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

This is a civil forfeiture case. 21 U.S.C. § 881. Claimant Charles Ziemba (Ziemba) initially asserted that the Drug Enforcement Agency (DEA) improperly seized a 1988 Mercedes Benz automobile, registered in his sister's name but in which he claims an interest, without probable cause and, in doing so, caused him to lose the opportunity to pay a bona fide attorney fee. On June 9, 1989, Ziemba invoked the Court's jurisdiction by filing a paper styled "Claim of Interest." With that paper, he also filed a motion to quash the seizure warrant and for return of the automobile or, in the alternative, for return of attorneys' fees,[1] on the grounds that the seizure denied him his Sixth Amendment right to counsel and that the seizure warrant was issued without probable cause. At the initial hearing on July 5, 1989, the Court gave Ziemba an opportunity to file an amended motion to quash and for return of the automobile in light of the Supreme Court's decision in *Caplin & Drysdale v. United States,* — U.S. ——, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989).

In his amended motion, Ziemba argues that the Court has jurisdiction to entertain his claim for return of the automobile based on Fed.R.Crim.P. 41 and again argues that the seizure warrant was issued without probable cause. The government responds, arguing that the Court has no jurisdiction over the administrative stage of a civil forfeiture proceeding and that probable cause did exist. Because the Court finds that jurisdiction in the matter is lacking, and because it declines to exercise "anomalous jurisdiction," claimant's motion for return of property and to quash the seizure warrant is DENIED.

### II.

The undisputed facts are as follows. Ziemba is an unindicted target of a grand jury investigation into marijuana trafficking in the Eastern District of Michigan. On May 26, 1989, the DEA formally seized the automobile, pursuant to a seizure warrant, issued on May 23, 1989 by a magistrate on the basis of a probable cause finding supported by an affidavit, from the lot of Tom Gleason, Inc., a car dealership in Lapeer, Michigan. Ziemba had sold the automobile to the dealership on or about May 18 or 19, 1989, in exchange for two checks totalling $20,000.[2]

On May 19, 1989, a DEA agent and an Internal Revenue Service agent visited the dealership's lot, requested an inspection of records relating to automobiles purchased by Ziemba, and discussed Ziemba's original purchase of the Mercedes with the general manager of the dealership. On May 22, 1989, the general manager of the dealership notified the DEA that the automobile had been sold by Ziemba. That same day, the United States Attorney's Office contacted the general manager and advised him that the government had probable cause to forfeit the automobile and that it did not believe that the dealership could raise a bona fide purchaser defense to a forfeiture. An assistant United States Attorney also telefaxed a letter to the dealership confirming that he did not believe that Ziemba's sister, Lillian Dullinger (Dullinger), had marketable title to the automobile. Based on this information, the dealership stopped payment on the checks, one of which Ziemba had endorsed over to his counsel.

On July 5, July 12, and July 19, the DEA published notice of forfeiture in *USA Today*, pursuant to the DEA's administrative forfeiture regulations, 21 C.F.R. § 1316.75 (1988). The Court signed a stipulated order permitting sale of the automobile on July 19, 1989. The DEA sent, via certified

---

1. The seizure effectively stopped payment on a check in payment of attorneys' fees for representation of Ziemba.

2. The dealership made the checks payable to Lillian Dullinger, Ziemba's sister and the registered owner of the automobile, who endorsed them over to Ziemba. The government does not contest Ziemba's right to argue against the forfeiture, as distinguished from Dullinger's right to do so.

mail, a written notification of the forfeiture to Dullinger on July 20, 1989. The automobile was auctioned off by the United States Marshal for $44,000 on July 28, 1989.[3] No claim to the automobile or cost bond had been filed with respect to the forfeiture as of July 31, 1989. *See* 21 C.F.R. §§ 1316.76, 1316.77 (1988).

## III.

### A.

■ Ziemba argues that, once a seizure warrant is obtained pursuant to 21 U.S.C. § 881(b), the sufficiency of the warrant is governed by Fed.R.Crim.P. 41. Because Rule 41(e) provides that anyone aggrieved by an unlawful search and seizure may file a motion for return of the property seized with the district court of the district in which the property was seized, Ziemba says that the Court has jurisdiction over the matter and may order a return of the automobile if the warrant was improperly issued. However, this assertion appears to create an irreconcilable conflict between 21 U.S.C. § 881 and the Federal Rules of Criminal Procedure.

Section 881 proceedings are civil in nature; there need be no criminal prosecution attached to them. *In re Seizure Warrant,* 830 F.2d 372, 374 (D.C.Cir.1987), *vacated and remanded,* —— U.S. ——, 109 S.Ct. 299, 102 L.E.2d 319 (1988) (instructing lower court to dismiss Rule 41(e) claim as moot). However, in reading section 881(b), Ziemba assumes that the fact that the government "may request ... a warrant authorizing the seizure of property subject to forfeiture ... in the same manner ... as under the Federal Rules of Criminal Procedure" transforms every civil forfeiture proceeding into a criminal matter once a seizure warrant has been obtained. This interpretation conflicts directly with Fed.R.Crim.P. 54(b)(5), which provides that Federal Rules of Criminal Procedure "are not applicable to ... civil forfeiture of

property for violation of a statute of the United States." The plain language necessarily creates a barrier to the exercise of jurisdiction here. *In re Seizure Warrant,* 830 F.2d 372, 373 (D.C.Cir.1987), *vacated and remanded,* —— U.S. ——, 109 S.Ct. 299, 102 L.E.2d 319 (1988) (instructing lower court to dismiss Rule 41(e) claim as moot); *In re $49,065.00 in United States Currency,* 694 F.Supp. 1559, 1559 (N.D.Ga. 1988); *Boyd v. United States Dep't of Justice,* 673 F.Supp. 660, 662 (E.D.N.Y.1987).

### B.

■ Ziemba also argues that this Court has jurisdiction under "equitable principles." While none of the cases cited as supporting this equitable jurisdiction involve civil forfeiture proceedings, Ziemba is correct in suggesting that district courts have historically entertained Rule 41(e) complaints for return of property wrongfully seized even though the claimants involved had not been indicted.[4] *See Di Bella v. United States,* 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). Such jurisdiction has been referred to as "anomalous" because the complaint filed cannot be characterized as the interlocutory stage of any criminal or civil proceeding. *See Lord v. Kelley,* 223 F.Supp. 684 (D.Mass.1963). Despite its unusual character, anomalous jurisdiction permits a court to rule on the legality of a seizure long before it hears any arguments regarding suppression of the evidence. As Judge Wyzanski, the district judge who authored the opinion in *Lord v. Kelley,* noted:

> It might have been thought better not to embrace within ... anomalous jurisdiction ... any alleged unlawful seizures by federal enforcement officers.... [I]t might be sufficient for the aggrieved person to be left with an objection to the introduction of the seized property or its fruits in evidence in any administrative, civil, or criminal trial.

---

**3.** The $44,000 now stands in place of the automobile.

**4.** Rule 41(e) itself embodies equitable principles. *In re Harper,* 835 F.2d 1273, 1274 (8th

Cir.1988). As a result, the applicability of equitable principles must be assessed whether Ziemba bases his action on Rule 41 or on the district court's general equity powers. *Id.*

However, it seems to this Court that the Supreme Court either has extended or will extend the anomalous jurisdiction so as to reach unlawful seizures by a federal agent connected with the enforcement of law, who should have observed "standards for law enforcement" established by "the federal Rules governing searches and seizures."

*Id.* at 688–89 (citations omitted).

■ Determining whether equitable or anomalous jurisdiction would be available here requires an examination of principles of anomalous jurisdiction in the civil forfeiture context. Anomalous jurisdiction usually has been asserted either to suppress evidence prior to indictment or to deter unlawful conduct of law enforcement personnel. *See United States v. Rapp,* 539 F.2d 1156, 1161 (8th Cir.1976). To these ends, courts have required a showing of several factors before the assertion of anomalous jurisdiction is appropriate. These include: "whether the government, in seizing the property, displayed a callous disregard for the constitutional rights of the claimant; whether the claimant has an individual interest in and need for the property; whether the claimant [lacks] an adequate remedy at law; and whether the claimant would be irreparably injured by denial of the return of the property." *In re $49,065.00 in United States Currency,* 694 F.Supp. 1559, 1560 (N.D.Ga.1988) (citing *United States v. Chapman,* 559 F.2d 402, 406 (5th Cir.1977)).

Ziemba's papers do not allege the existence of any of these factors. The facts show that he has not been indicted and that he was aware of the seizure at least as early as June 9. The papers in the case also show that the DEA has published notice and given written notice of the administrative forfeiture proceedings to the registered owner of the automobile, Ziemba's sister, in compliance with 19 U.S.C. § 1607. Ziemba has never asserted that he received inadequate notice of the forfeiture proceedings or that he does not know how to contest the administrative proceedings. Still, he has apparently chosen not to file a claim and cost bond, likely losing the opportunity to take advantage of the available statutory procedures that force the DEA to contest the seizure in court. *See* 19 U.S.C. § 1608; 21 C.F.R. §§ 1316.76, 1316.77 (1988).

In doing so, he may have lost the opportunity to raise constitutional claims, *see One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 701–02, 85 S.Ct. 1246, 1251, 14 L.Ed.2d 170 (1965), to argue that he had an interest in and need for the automobile, and to claim irreparable injury. Thus, it would only be through failing to take advantage of his available remedies at law that Ziemba could argue the requisite necessity for anomalous jurisdiction. This is the crucial difference between the availability of anomalous jurisdiction in the civil forfeiture context and in the context of a criminal case. If Ziemba had used the statutory civil forfeiture scheme, he could have protected the rights with which the Eighth Circuit was concerned in *United States v. Rapp, supra.*

For this reason, the district court in *Boyd v. Dep't of Justice,* 673 F.Supp. 660, 664 (E.D.N.Y.1987), stated that the key factor in an anomalous jurisdiction analysis is the adequacy of a claimant's legal remedy. In a situation virtually identical to the case at hand, the *Boyd* court held that "anomalous jurisdiction is inappropriate when no criminal proceedings are pending at the time the motion is filed and when the movant has a readily available statutory remedy to contest ownership of [the] property." 673 F.Supp. at 663.

This reasoning also explains the Tenth Circuit's invocation of anomalous jurisdiction in *Floyd v. United States,* 860 F.2d 999 (10th Cir.1988). Because no civil forfeiture proceedings had been begun at the time of the trial court's hearing on the Rule 41(e) motion, the Court of Appeals remanded the case for a determination as to whether irreparable harm existed that would justify the district court's exercise of jurisdiction. 860 F.2d at 1008. Unlike Ziemba, the claimant in *Floyd* had no legal remedy available to him at the time his motion was heard. Thus, upon a showing of irreparable harm, anomalous jurisdiction would be appropriate.

The Court of Appeals for the Sixth Circuit has given no indication that it would recognize anomalous jurisdiction in any particular circumstance. *See Hill v. McMartin,* No. 77–70267, slip op. (E.D. Mich. June 29, 1981). In *Hill,* the district court assumed that such jurisdiction would be recognized and set forth two instances where it would be appropriate. They are: 1.) when a criminal indictment is imminent; or 2.) if there is no expectation of indictment and when the claimant lacks a legal means to challenge the government's act of taking possession of the property. *See id.* As a civil forfeiture, Ziemba's case falls in between these two categories. Ziemba has not been indicted, but he is the target of a grand jury investigation. Still, whether or not an indictment is imminent, Ziemba has a legal remedy available to him and seemingly has chosen not to use it. As the district judge concluded in *Hill,* "well settled general principles of equity preclude exercise of equity jurisdiction to accomplish what could have been accomplished at law." *Id.*

Finally, allowing Ziemba to proceed in the manner he has chosen would permit him to circumvent civil forfeiture procedure in two important ways. First, it would permit him to cure his failure to challenge the forfeiture within the statutory time limit by invoking the Federal Rules of Criminal Procedure. Second, it would enable him to avoid posting a cost bond as required by 19 U.S.C. § 1608. While it is unclear as to what figure the DEA set as the automobile's appraised value, the fact that it ultimately sold for $44,000 indicates that a cost bond of 10 percent of its value, 19 U.S.C. § 1608, provides a significant incentive for Ziemba to avoid the statute's requirements by attempting to use Fed.R.Crim.P. 41(e). Such action should not be sanctioned by the unwarranted extension of the Court's anomalous jurisdiction, whatever its parameters.

SO ORDERED.