**Wayne FORD, Plaintiff,**

v.

**John MCGINNIS, Superintendent; Patrick McGann, Superintendent of Administration; Gordon Lord, Assistant Deputy Superintendent, Defendants.**

No. 00 Civ. 3437(SAS).

United States District Court,
S.D. New York.

Nov. 29, 2001.

**364**

Stuart W. Gold, Rachel G. Skaistis, Cravath, Swaine & Moore, New York City, for Plaintiff.

Michael J. Keane, Assistant Attorney General, Attorney General of the State of New York, New York City, for Defendants.

### MEMORANDUM OPINION AND ORDER

SCHEINDLIN, District Judge.

## I. INTRODUCTION

Plaintiff has moved for reconsideration of a portion of this Court's Opinion and Order denying defendants' motion to dismiss. *See Ford v. McGinnis*, No. 00 Civ. 3437, 2000 WL 1808729, at \*5 (S.D.N.Y. Dec. 11, 2000). In particular, plaintiff

seeks reconsideration of the following footnote:

> To the extent plaintiff seeks damages for mental anguish, those claims are dismissed. *See Wright v. Miller*, 973 F.Supp. 390 (S.D.N.Y.1997) (prisoners are not entitled to damages for mental anguish under 42 U.S.C. § 1997e(e)).

*Id.* at \*1 n. 2.

Defendants object to reconsideration on the ground that the Prison Litigation Reform Act of 1996 ("PLRA") "bars civil rights suits seeking damages for alleged constitutional violations where the inmate-plaintiff alleges no physical injury in the first instance and instead suffers only emotional and mental injury." Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Reconsider Dismissal of Claims for Mental Anguish at 3. For the following reasons, plaintiff's motion for reconsideration is granted in part.

## II. DISCUSSION

### A. Section 1997e(e)—Applicability

■ Section 1997e(e), which was enacted by Congress as part of the PLRA, Pub.L. No. 104–134, 110 Stat. 1321–66 (1996), provides:

> LIMITATION ON RECOVERY: No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). This section applies only to damage actions and "has no restrictive effect for declaratory or injunctive relief." *Davis v. District of Columbia*, 158 F.3d 1342, 1346 (D.C.Cir.1998). The question, which remains open in the Second Circuit,[1] is whether this section applies to

---

1. *See Dawes v. Walker*, 239 F.3d 489, 497 n. 7 (2d Cir.2001) ("Congress may also wish to

actions asserting violations of prisoners' First Amendment rights, where no physical injury is alleged.

 Plaintiff urges this Court to find the statute ambiguous and cites *Mason v. Schriro*, 45 F.Supp.2d 709, 717 (W.D.Mo. 1999), for the alternative ways the phrase "for mental or emotional injury" can be interpreted. *See* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Reconsideration ("Pl.Mem.") at 13–15. If ambiguous, this Court could look to the legislative history surrounding the statute to discern Congress' intent. *See Mason*, 45 F.Supp.2d at 717 ("If, however, a statute is susceptible to more than one reasonable interpretation, then the reviewing court must look beyond the language of the statute in an effort to ascertain the intent of the legislative body."). I conclude, however, that the statute is not ambiguous. Resort to legislative history is therefore unnecessary. *See Nussle v. Willette*, 224 F.3d 95, 100–01 (2d Cir.2000) ("[T]he language of a statutory provision, if clear and unambiguous on its face, is presumed to bear its plain meaning unless the text suggests an absurd result."), *cert. granted sub nom. Porter v. Nussle*, 532 U.S. 1065, 121 S.Ct. 2213, 150 L.Ed.2d 207 (2001).

 Plaintiff then argues that section 1997e(e) is not applicable to his First Amendment claim because that claim is not "for mental or emotional injury." Pl. Mem. at 10–11. In effect, plaintiff asks this Court to permit a claim for damages for the violation of a constitutional right— separate and apart from any physical, mental or emotional injury. To this end, plaintiff cites *Shaheed–Muhammad v. Dipaolo*, 138 F.Supp.2d 99 (D.Mass.2001), for the following distinction:

> clarify whether § 1997e(e) is confined to Eighth Amendment claims, ..., or whether it extends to all purported constitutional viola-

Where the harm that is constitutionally actionable *is* physical or emotional injury occasioned by a violation of rights, § 1997e(e) applies. In contrast, where the harm that is constitutionally actionable is the violation of intangible rights—regardless of actual physical or emotional injury—section 1997e(e) does not govern.

*Id.* at 107 (emphasis in original). According to plaintiff, section 1997e(e), while clearly applicable to Eighth Amendment claims, simply does not apply to First Amendment claims. *See* Pl. Mem. at 4, 7–8. In the words of the Ninth Circuit,

> The [defendants] in this case argue that [section 1997e(e)] bars [plaintiff's] action because he is alleging only "mental or emotional injury" without the requisite physical injury. We disagree. [Plaintiff] is not asserting a claim for "mental or emotional injury." He is asserting a claim for a violation of his First Amendment rights. *The deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred.* Therefore, § 1997e(e) does not apply to First Amendment Claims regardless of the form of relief sought.

*Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir.1998) (emphasis added). *See also Rowe v. Shake*, 196 F.3d 778, 781–82 (7th Cir.1999) (stating that because "[a] deprivation of First Amendment rights standing alone is a cognizable injury ... [a] prisoner is entitled to judicial relief for a violation of his First Amendment rights aside from any physical, mental, or emotional injury he may have sustained").

> tions brought by prisoners pursuant to § 1983.").

Plaintiff interprets *Canell* to mean that compensatory damages based on emotional injuries are permitted when prisoners assert First Amendment claims regardless of the absence of physical injury. This interpretation is too broad. Notwithstanding the last sentence of the above quoted excerpt, *Canell* holds that prisoners are entitled to be compensated for a violation of a First Amendment right, regardless of any *other* injury suffered. In other words, a prisoner suffers damages, per se, when his First Amendment rights are violated, "wholly aside" from any physical, mental or emotional injury.[2] *Canell,* 143 F.3d at 1213.

Section 1997e(e) therefore does apply to prisoners' First Amendment claims but does not bar a separate award of damages to compensate the plaintiff for the First Amendment violation in and of itself.[3]

> The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted. The underlying substantive violation, like Canell's First Amendment wrong, should not be divorced from the resulting injury, such as "mental or emotional injury," thus avoiding the clear mandate of § 1997e(e). The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional. *See Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999).

*Searles v. Van Bebber,* 251 F.3d 869, 876 (10th Cir.2001). Accordingly, plaintiff may be awarded an amount to compensate him for the denial of his religious meal. *See, e.g., Bryant v. McGinnis,* 463 F.Supp. 373,

388 (W.D.N.Y.1978) (awarding plaintiffs $3,000 each for violations of their First Amendment rights to practice their religion in prison). Such an award, however, may not be based on plaintiff's "mental anguish, depression, increased anxiety, difficulty sleeping, and psychological suffering." Complaint at 7.

**B. Section 1997e(e)—Constitutionality**

Although I have held that plaintiff may recover compensatory damages despite the absence of physical injury, emotional damages remain barred by section 1997e(e) in the absence of physical injury. Plaintiff has stated that he may challenge the constitutionality of section 1997e(e) should this Court find it "broadly applicable" to his First Amendment claim. *See* Pl. Mem. at 20–21, n. 11. Here, plaintiff is permitted to seek compensatory damages for the violation of his First Amendment rights—but *not* for any emotional or mental injury resulting from such violation. In an effort to avoid unnecessary motion practice, I make the following observations regarding damages.

■ "Nominal damages as well as injunctive relief are available for violations of constitutional rights." *Reynolds v. Goord,* No. 98 Civ. 6722, 2000 WL 235278, at *6 (S.D.N.Y. Mar. 1, 2000). After the Supreme Court's ruling in *Carey v. Piphus,* 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) (approving recovery of nominal damages without proof of actual injury), "federal courts have consistently awarded nominal damages for violations of

---

**2.** Arguably per se damages for violations of constitutional rights are not limited to violations of the First Amendment.

**3.** As stated by Judge Harold Tyler in the context of rights of assembly and petition, "they may be difficult of evaluation, but 'priceless'

does not necessarily mean 'worthless.'" *Fifth Avenue Peace Parade Comm. v. Hoover,* 327 F.Supp. 238 (S.D.N.Y.1971) (citing Comment, *A Federal Question: Does Priceless Mean Worthless?* 14 St. Louis Univ.L.J. 268 (1969)).

First Amendment rights." *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir.2000); *see also Dawes*, 239 F.3d at 497 (stating that "it is error for courts not to award nominal damages in § 1983 actions where a constitutional violation is established"). In addition to nominal damages, punitive damages may also be awarded. *See Robinson v. Cattaraugus County*, 147 F.3d 153, 161 (2d Cir.1998) (holding that "in § 1983 cases . . . punitive damages may be awarded even in the absence of a compensatory award"). *See also Allah*, 226 F.3d at 251–52 (holding that "to the extent that [plaintiff's] punitive damages claims stem solely from the violation of his First Amendment rights, and not from any emotional or mental distress suffered therefrom, those claims are not claims brought 'for mental or emotional injury suffered' and are not barred by § 1997e(e)."). Finally, plaintiff may be awarded compensatory damages—not based on mental or emotional injury—but solely for the First Amendment violation.

 Given these various kinds of damages, it cannot be said that section 1997e(e) nullifies the First Amendment by permitting constitutional violations to go unremedied. *See Zehner v. Trigg*, 133 F.3d 459, 463–64 (7th Cir.1997) (stating that because injunctive relief remained available "Congress' decision to restrict the availability of damages is constitutional. . . ."). In this regard, it should be noted that "the Constitution does not demand an individually effective remedy for every constitutional violation." *Id.* at 462. *See also Searles*, 251 F.3d at 876 (citing qualified immunity protection as one instance where damages are not available for constitutional violations).

Nor does the restriction on damages "violate plaintiff's right of access to the courts or otherwise run afoul of constitutional restrictions." *Id.* at 877. As stated in *Zehner*,

> The plaintiffs argue that the statute impinges upon their fundamental right of access to the courts by effectively denying them a judicial forum for their claims of emotional injury. As the district court points out, however, § 1997e(e) only limits the relief to which the plaintiffs are entitled; it does not restrict their access to the courts to press claims for which the substantive law provides an underpinning. *See* 952 F.Supp. at 1332. Prisoners still possess what the Supreme Court has said the Constitution requires: "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 350, 116 S.Ct. 2174, 2180–2181, 135 L.Ed.2d 606 [1996].

*Zehner*, 133 F.3d at 463. *See also Reynolds*, 2000 WL 235278, at *6 ("Section 1997e(e) limits an inmate's right to obtain compensatory damages in the absence of physical injury, but does not otherwise restrict access to the courts.").

## III. CONCLUSION

For the reasons stated above, plaintiff is barred from seeking an award of damages based on his mental and emotional suffering. Nonetheless, plaintiff may seek compensatory damages for the First Amendment violations he alleges. The Clerk of the Court is directed to close this motion.