

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2007

# Morrow v. Meehan

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4241

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Morrow v. Meehan" (2007). *2007 Decisions.* Paper 33.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/33

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-4241

———

TODD S. MORROW,
Appellant

v.

PATRICK L. MEEHAN

———

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-6786)
District Judge: Honorable Ronald L. Buckwalter

———

Submitted Under Third Circuit LAR 34.1(a)
December 11, 2007

Before: RENDELL and  STAPLETON, *Circuit Judges*,
and IRENAS,* *Senior District Judge.*

(Filed: December 19, 2007)

———

OPINION OF THE COURT

———

IRENAS, *District Judge.*

Appellant, Todd S. Morrow, appeals the District Court's decision dismissing his

_____

* Honorable Joseph E. Irenas, Senior United States District Judge for the District of
New Jersey, sitting by designation.

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Complaint requested a writ of mandamus ordering the United States Attorney's Office ("U.S.A.O.") to issue an "International Arrest Warrant" for his ex-wife. We will affirm.

## I.

Todd Morrow ("Morrow") had a child, Sean, with his ex-wife, Svetlana Stepnaya ("Stepnaya").[1] In January of 2001 and March of 2002 a Pennsylvania state court issued orders awarding joint custody of Sean to both parents, and prohibiting either parent from removing Sean from Delaware County. On October 28, 2002, however, Stepnaya fled with Sean to Russia. Approximately one month later, in November, 2002, the state court issued a contempt order due to Stepnaya's willful failure to comply with the previous orders, and granted sole custody of Sean to Morrow. At a hearing on March 11, 2004, the Pennsylvania Court of Common Pleas found that Stepnaya was aware of the court orders when she fled.

On June 3, 2004, the Pennsylvania state court issued an arrest warrant for Stepnaya due to her interference with Sean Morrow's custody. Morrow then contacted the U.S.A.O. and requested that an "International Arrest Warrant" be issued. Appellee, United States Attorney Patrick L. Meehan, did not issue an arrest warrant. On December

---

[1] The record reveals that Morrow and Stepnaya separated, but does not reveal the date. It is clear, however, that on May 29, 2003, their marriage was dissolved.

29, 2005, Morrow filed a Complaint in the Eastern District of Pennsylvania requesting that the Court issue a writ of mandamus compelling Meehan to issue a warrant for Stepnaya's arrest under the International Parental Kidnaping Crime Act, 18 U.S.C. § 1204 ("IPKCA"). He also alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution.

In its Opinion, the District Court held that initiating a criminal prosecution is a discretionary function, and thus Morrow could not show a clear, indisputable right to a writ of mandamus. It further held that Morrow's constitutional allegations were not supported by case law, and dismissed the Complaint. This appeal followed.

## II.

This Court has jurisdiction to review the District Court's order dismissing the Complaint pursuant to 28 U.S.C. § 1291. We review the District Court's mandamus decision for abuse of discretion, except that we review any non-discretionary elements *de novo. See Stehney v. Perry,* 101 F.3d 925, 929 (3d Cir. 1996) (noting that mandamus is a drastic remedy only to be invoked in extraordinary situations).

## III.

A plaintiff seeking a writ of mandamus must show that he has (1) no other adequate means to attain the relief desired, and (2) a clear and indisputable right to the writ he seeks. *See In re Nwanze,* 242 F.3d 521, 524 (3d Cir. 2001). Even if the plaintiff

3

satisfies these requirements, however, the Court retains the discretion of whether to issue the writ of mandamus. *See id.; see also In re Patenaude,* 210 F.3d 135, 141 (3d Cir. 2000).

Morrow has not shown, and indeed cannot show, that he has a clear and indisputable right to a writ of mandamus, or that the government has a "clear nondiscretionary duty" to issue one. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Morrow claims that his right to the writ is clear and indisputable because his fundamental rights as a parent have been infringed. Infringement of Morrow's right to sole custody of his child by his ex-wife's conduct does not demonstrate a clear and indisputable right to a writ.[2]

The District Court determined that because initiating a criminal prosecution is a discretionary function, Morrow cannot show that his right to a writ of mandamus is clear and indisputable. We agree. "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) (citation omitted).

Morrow seeks an order compelling the U.S.A.O. to issue an arrest warrant under

---

[2] Moreover, Morrow has not, and cannot demonstrate that the government, either state or federal, has violated his constitutional right to make decisions about the custody of his child. Nothing that the government has done, or has failed to do, resulted in his loss of custody, control, or care of his son. Indeed, the Commonwealth of Pennsylvania granted sole custody to Morrow. It was Stepnaya who, in violation of the Commonwealth's Order, fled the country with Sean.

4

the International Parental Kidnaping Crime Act, 18 U.S.C. § 1204.[3] Commencing a prosecution under any criminal law is discretionary. "Prosecutorial decisions as to whether, when and against whom to initiate prosecution are quintessential examples of governmental discretion in enforcing the criminal law[.]" *Pooler v. United States*, 787 F.2d 868, 871 (3d Cir. 1986); *see also Schrob v. Catterson*, 948 F.2d 1402, 1410 (3d Cir. 1991)(noting that most courts have upheld "prosecutorial immunity in cases involving the initiation of a prosecution, or the indictment or filing of charges against an individual").

Although Morrow casts his claim as a Constitutional violation,[4] it is clear that a

---

[3] Morrow contends that he is not requesting that the U.S.A.O. prosecute a criminal, but rather is asking the U.S.A.O. to "perform its administrative function of assisting an American Citizen in retrieving a foreign fugitive to stand trial in the Commonwealth of Pennsylvania[.]" (Appellant Br. 9). Not only has Morrow failed to cite any authority to support the proposition that it is an "administrative function" of the U.S.A.O. to issue an arrest warrant, but the issuance of a warrant is a function of the courts and is not possible without the initiation of a prosecution. *See* 18 U.S.C. § 3046 (citing Federal Rules of Criminal Procedure 4 and 9, which set forth the circumstances under which a court may issue an arrest warrant).

[4] Morrow argues that his constitutional right to make decisions about the care, custody, and control of his child necessitates that the Court construe his ability to satisfy the requirements for a writ of mandamus liberally. He argues that this proposition is supported by *Fifth Avenue Peace Parade Committee v. Hoover*, 327 F. Supp. 238, 243 (S.D.N.Y. 1971), which states:

> there are occasions of deprivations of constitutional rights where satisfaction of the mandamus requirements might be viewed liberally . . . . But even with this most liberal interpretation, a court must have the benefit of some specific statutes or regulations against which to measure the duties said to have been specifically ignored by the defendant or defendants.

*Id.* (internal citations omitted). *Hoover,* however, is not only distinguishable, but the precise language upon which Morrow relies actually supports Meehan's argument. The plaintiffs in *Hoover* brought an action for injunctive relief as a result of the FBI's surveillance of their participation in demonstrations. Defendants moved to dismiss the

5

"private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (holding that a citizen has no constitutional right to have a criminal prosecution initiated at this request); *cf. United States v. Berrigan,* 482 F.2d 171, 174 (3d Cir. 1973) (noting that "the government is permitted the conscious exercise of some selectivity in the enforcement of its criminal laws"(internal quotations omitted)). Accordingly, the District Court did not abuse its discretion in refusing to issue a writ of mandamus and dismissing Morrow's Complaint.

IV.

For the reasons set forth above, the judgment of the Eastern District of Pennsylvania dismissing the Complaint will be affirmed.

---

action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The court held that plaintiffs' asserted basis for federal jurisdiction - that defendants had a duty not to violate plaintiffs' First and Fourth Amendment rights - "stretch[es] mandamus far beyond its proper limits." *Id.* Here, Meehan did not move to dismiss for lack of jurisdiction, but rather for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). As in *Hoover*, Morrow cannot cite to any "specific statutes or regulations" that would demonstrate that a duty exists that Meehan ignored when he failed to issue an "International Arrest Warrant."

6